

GHILLAINE A. REID
Director

Gibbons P.C.
One Pennsylvania Plaza, 37th Floor
New York, New York 10119-3701
Direct: (212) 613-2019 Fax: (212) 554-9645
GReid@gibbonslaw.com



November 30, 2007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/5/07

**BY FACSIMILE (212-805-6390) AND REGULAR MAIL**

The Honorable William H. Pauley, III
Daniel J. Patrick Moynihan United States Courthouse
500 Pearl Street
Room 2210
Courtroom 11D
New York, New York 10007

**MEMO ENDORSED**

    Re:   **U.S. Securities and Exchange Commission v. Shane Suman and Monie Rahman**
           **Case No.: 07 Civ. 6625 (WHP)**

Dear Judge Pauley:

As Your Honor is aware, this Firm represents defendants Shane Suman and Monie Rahman (collectively, "Defendants") in the above-referenced action. In order to advise the Court as expeditiously as possible regarding certain fast-breaking factual developments, discussed below, we received the permission and consent of Your Honor's law clerk to transmit this letter by facsimile pursuant to Section 1(C) of Your Honor's Individual Practices. For the reasons set forth below, we write to request a temporary stay of this action.

**Factual Developments**

This Firm was retained to represent Defendants in connection with this action on or about November 1, 2007. Because Mr. Suman resides and works in Toronto, Ontario, Canada, he was unable to meet with counsel immediately following this firm's retention. Accordingly, Mr. Suman scheduled an initial in-person meeting with the undersigned counsel for November 16, 2007, the earliest date upon which Mr. Suman could travel to New York. It should be noted that Mr. Suman has traveled to the United States in the past without incident.

Mr. Suman did not appear for the November 16th meeting because on November 15, 2007, while *en route* to New York for the meeting, Mr. Suman was detained by the U.S. Bureau of Immigration and Customs Enforcement ("ICE"). Specifically, as we learned several days later, Mr. Suman was traveling to New York by car and was stopped by ICE authorities at the border of the United States and Canada, and apparently accused of attempting to enter the United States illegally. Although Mr. Suman offered to return to Canada, he was advised by ICE authorities that he could not do so and was detained.

As a result, ever since November 15, 2007, Mr. Suman has been in the custody of ICE authorities at a detention center in Buffalo, New York. His belongings (including his passport and mobile phone) have been confiscated and his car was impounded. He has not been charged with any crime. From November 15 until November 19, 2007, Mr. Suman was not permitted to

GIBBONS P.C.

Honorable William H. Pauley, III
November 30, 2007
Page 2

call anyone. Finally, on November 19, 2007, he spoke to his wife, Monie Rahman, and relayed to her the facts set forth above. When I was advised of this situation by Ms. Rahman, I attempted to contact Mr. Suman at the Buffalo detention center, but was advised that detainees cannot accept telephone calls (including calls from their counsel); nor may Mr. Suman make telephone calls, except at the discretion of ICE authorities. I finally spoke with Mr. Suman earlier this week, on November 27, 2007. He advised me that he does not know when he will be released. Indeed, he told me that he has inquired with ICE authorities regarding when he may appear before an Immigration Judge and was advised that he will have to wait to be assigned a court date, and that the next available court date will be in late January or early February.

While I am not an expert in immigration law, this seems inappropriate to me. Accordingly, I am in the process of attempting to secure for Mr. Suman appropriate counsel to represent him in connection with his detention by ICE authorities. Unfortunately, the Defendants have limited means and may not be able to afford representation. In part, this is because, as I advised the Court during the Rule 16 conference on November 9, 2007, there is an ongoing proceeding by the Ontario Securities Commission ("OSC") that is based on precisely the same facts as those alleged by the Securities and Exchange Commission ("SEC") in this action. Defendants retained Canadian counsel for that proceeding and, as noted above, retained this Firm for their defense of the SEC action. Mr. Suman has been using funds from his current employment to pay counsel fees (since he is unable to withdraw funds from Defendants' account at E-Trade Canada Securities Corp. due to an asset freeze imposed by the OSC and the SEC). His detention, however, may result in the loss of his current employment and, thereby, require this Firm to move to withdraw as Defendants' counsel. Moreover, and in any event, these circumstances make it difficult for him to retain yet a third attorney to represent him in connection with his detention in Buffalo.

**A Temporary Stay of the SEC Action is Warranted**

In light of Mr. Suman's detention, we here write to request a temporary stay of the SEC action pending the resolution of Mr. Suman's immigration proceeding, and/or any criminal proceeding, should one be brought. As discussed above, Mr. Suman is being held at a detention center in Buffalo, New York, where he has extremely limited access to counsel by telephone. He may be unable to afford counsel to represent him in the immigration matter and, therefore, could be detained well into the early part of next year, if not longer. Under these circumstances, Mr. Suman is simply not in a position in which he can defend against the SEC's claims, or assist counsel in doing so.

As the Court may recall from the Rule 16 Conference, and in order to be fully candid with the Court and the SEC, Defendants also intend to file a general application for stay (in the alternative to a motion to dismiss the SEC's claims) for reasons of judicial economy and efficiency, in deference to the OSC proceeding and to avoid piecemeal litigation. See Landis v. North

GIBBONS P.C.

Honorable William H. Pauley, III
November 30, 2007
Page 3

American Co., 299 U.S. 248, 254 (1936) (federal courts have inherent power to stay litigation in deference to a pending foreign action); Questech Capital Corp. v. Flight Dynamics, Inc., No. 83 Civ. 6986, 1984 U.S. Dist. LEXIS 16935, at *1. n. 1 (S.D.N.Y. May 7, 1984) (Goettel, J.) (stating that a stay of proceedings is "within the inherent powers of the court incident to the court's authority to regulate actions pending before it"). Pursuant to the Court's Scheduling Order of November 9, 2007, Defendants' responsive pleading, including such motion, is due on December 7, 2007. Due to Mr. Suman's detention, however, we have been unable to confer with him regarding the responsive pleading or his defense in general; indeed we do not know whether we will be able to continue to represent him, given his precarious financial circumstances, occasioned by his detention. As a result, we regretfully have no choice but to request that this action be stayed pending the resolution of Mr. Suman's immigration proceeding and that the briefing schedule set by the Court be held in abeyance until his release, or such time as his circumstances, financial and otherwise, are clarified.

We are available at Your Honor's convenience to discuss any of the foregoing facts. Thank you for your kind consideration of this request.

Respectfully submitted,

Ghillaine A. Reid
Director

GAR/fm

cc:   Dean Conway, Esq. (by facsimile and regular mail)

*Application granted in part.*

SO ORDERED:

*[signature]*
WILLIAM H. PAULEY III U.S.D.J.
12/4/07

*The briefing schedule concerning the motion to dismiss is stayed. Discovery shall proceed as scheduled.*