**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | **DOCUMENT ELECTRONICALLY FILED** |
| Plaintiff, | |
| -against- | Civil Action No.:  07 Civ. 6625 (WHP) |
| SHANE SUMAN AND MONIE RAHMAN, | |
| Defendants. | |

### GIBBONS P.C.'S MEMORANDUM OF LAW
### IN SUPPORT OF ITS MOTION TO WITHDRAW AS DEFENDANTS' COUNSEL

### INTRODUCTION

Gibbons P.C. ("Gibbons"), counsel of record for Defendants Shane Suman and Monie Rahman (collectively, "Defendants"), respectfully submits this memorandum of law in support of its motion to withdraw as counsel for Defendants pursuant to Local Civil Rule 1.4 of the United States District Court for the Southern District of New York.  For the reasons set forth herein, Gibbons' motion to withdraw should be granted.

### STATEMENT OF FACTS

On July 24, 2007, the United States Securities and Exchange Commission ("SEC") commenced this action against Defendants alleging that they traded in the securities of Molecular Devices Corp. ("Molecular") based on material and non-public information in violation of Sections 10(b) and 14(e) of the Securities Exchange Act, and Rules 10b-5 and 14e-3 thereunder.   See Complaint, ¶ 1.  Mr. Suman is a Canadian citizen who resides in Toronto,

Ontario, Canada. Id., ¶¶ 9-10. Ms. Rahman, Mr. Suman's wife, is also a Canadian citizen, but she resides in North Logan, Utah due to serious health problems. Id., ¶ 9. Also on July 24, 2007, the Ontario Securities Commission ("OSC") commenced a proceeding against Defendants based upon the exact same claims as are alleged in the SEC's Complaint. See Certification of Ghillaine A. Reid, Esq. dated December 26, 2007, ¶ 3 ("Reid Cert."), annexed hereto as Exhibit A. Shortly after the OSC proceeding was instituted, Defendants retained local Canadian counsel to defend them in that matter. Id., ¶ 4. On or about November 1, 2007, Gibbons was retained to represent Defendants in connection with this action. Id., ¶ 4. Because Defendants each reside a great distance from Gibbons' New York office location, the undersigned counsel was unable to meet with Defendants before Gibbons was retained; Gibbons, nevertheless, undertook to represent Defendants. Id., ¶ 7.

In connection with their respective proceedings, the SEC and OSC each obtained an asset freeze on Defendants' brokerage account at E-Trade Canada Securities Corp. ("E-Trade"), in which the trades of Molecular securities at issue in this case were made. Id., ¶ 5. Defendants are a family of limited means. Id., ¶ 6. Specifically, Mr. Suman has been modestly employed at a job in Canada and Ms. Rahman, due to her health problems, has been unable to work for several years. Id. As a result, Mr. Suman was responsible for the payment of counsel fees on behalf of Defendants. Id. Because the funds in the E-Trade account are frozen, Mr. Suman was only able to use funds from his employment to pay counsel fees. Id. By the time Defendants retained Gibbons to represent them in connection with this action, their financial wherewithal was even more strained by their financial obligations to Canadian counsel for their defense of the OSC proceeding. Id.

On November 9, 2007, Gibbons participated in a Rule 16 scheduling conference with the Court and counsel for the SEC. Id., ¶ 7. During that conference, the undersigned counsel advised the Court and the SEC of Defendants' intention to move to dismiss the claims in this action. Id. The Court, thereafter, issued a Scheduling Order, dated November, 9, 2007, which set forth a briefing schedule for the motion to dismiss, among other things. Id. Pursuant to the Scheduling Order, Defendants' motion to dismiss was due on December 7, 2007. Id.

In order to discuss the motion to dismiss in particular, and Defendants' defense in general, Mr. Suman scheduled an in-person meeting with counsel at Gibbons for November 16, 2007. Id., ¶ 8. The meeting was to take place at Gibbons' New York office. Id. Mr. Suman did not appear for the November 16th meeting and his whereabouts were unknown to his wife and the undersigned counsel until November 19, 2007. Id. As we advised the Court in Defendants' request of November 30, 2007 for a temporary stay of this action, while *en route* to the meeting on November 15, 2007, Mr. Suman was detained by the U.S. Bureau of Immigration and Customs Enforcement ("ICE"), and accused of attempting to enter the United States illegally. Id., ¶ 9. Mr. Suman's belongings (including monies he had brought to pay Gibbons' counsel fees) were confiscated and his car was impounded. Id. Mr. Suman is permitted to make telephone calls only at the discretion of ICE authorities. Id. The undersigned counsel attempted to secure immigration counsel to represent Mr. Suman in connection with his detention. Id., ¶ 10. Mr. Suman, however, advised the undersigned counsel that he cannot afford such representation. Id. To date, Mr. Suman remains in the custody of ICE authorities and does not know when he will be released. Id. He inquired with ICE authorities regarding when he may appear before an Immigration Judge and was advised that the next available court date will be in late January or early February 2008. Id., ¶ 11.

By Order dated December 4, 2007, this Court granted Gibbons' request for a stay of the briefing schedule for Defendants' motion to dismiss, but declined to grant Defendants' request for a stay of this action and directed that discovery proceed as scheduled. Id., ¶ 13. The undersigned counsel last spoke with Mr. Suman on November 28, 2007, at which time Mr. Suman advised that his continued detention would cause him to lose his job and render him unable to pay counsel fees in connection with this action. Id., ¶ 12. Ms. Rahman separately advised the undersigned counsel that because she and Mr. Suman are both now unable to work, they have no funds available to pay counsel fees. Id. Furthermore, as a result of Mr. Suman's detention, he is unable to assist with or otherwise participate in this litigation. Id., ¶ 14.

In addition, Defendants are in arrears on Gibbons' invoices for substantial fees and disbursements for services rendered since the Firm was retained. Id., ¶ 12. Defendants lack the financial means to pay these outstanding invoices. Id. Since November 28, 2007, the undersigned counsel has left several messages for Mr. Suman at the detention center, but has received no response from him. Id. On December 7, 2007, Gibbons sent to Mr. Suman a letter advising him that the Firm has no choice but to move to withdraw as Defendants' counsel due to his inability to pay counsel fees and consult with counsel regarding his case. Id., ¶ 16. This letter was mailed to Mr. Suman at the detention center in Buffalo, New York and to his home in Toronto, Ontario Canada, and sent to his e-mail address. Id. A copy of the letter also was sent to Ms. Rahman at her home in Logan, Utah, as well as to her e-mail address. Id. To date, neither of the Defendants have responded to this letter. Id.

# **LEGAL ARGUMENT**

Under the circumstances in which Defendants now find themselves, through no fault of their own, Gibbons' motion to withdraw as counsel of record should be granted.   Local Rule 1.4 provides that  an attorney of record for a party may be relieved by order of the court on a finding that satisfactory reasons exist for withdrawal.  <u>See</u> Local Rule 1.4.  Specifically, Rule 1.4 states as follows:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

<u>See</u> Local Rule 1.4 (formally Local General Rule 3 (c)).   As discussed in detail below, satisfactory reasons exist to justify Gibbons' motion to withdraw as Defendants' counsel.

## I.    <u>Defendants Are Unable to Pay Counsel Fees</u>

Mr. Suman's detention caused him to forfeit his employment and, therefore, has unexpectedly rendered him unable to pay Gibbons' outstanding invoices for fees and disbursements incurred since the firm was retained, as well as any future legal fees.  It is well-settled law in this District that "non-payment of fees is a valid basis for the Court to grant counsel's motion to withdraw. . . ."  <u>Seisay v. Compagnie Nationale Air France</u>, 1996 U.S. Dist. LEXIS 978, 1996 WL 38844, *1 (S.D.N.Y. 1996)[1]; <u>see also</u> <u>Promotica of America, Inc. v. Johnson Grossfield, Inc.</u>, 2000 U.S. Dist. LEXIS 8594, 2000 WL 424184, *1 (S.D.N.Y. 2000). Defendants cannot use their savings and investments to pay counsel fees because those assets are maintained in their E-Trade account, which is frozen.  Additionally, Mr. Suman cannot work because of his detention; and Ms. Rahman cannot work because of her poor health.  Defendants,

therefore, lack the financial ability to pay Gibbons' outstanding legal fees. See Oscar de la Renta Ltd. v. Strelitz Ltd., 1993 U.S. Dist. LEXIS 7572, *1 (S.D.N.Y. 1993) (stating that "counsel may withdraw if his or her client fails to pay legal fees . . .").

Defendants are similarly constrained from funding their defense going forward. Both Mr. Suman and Ms. Rahman have advised counsel that they cannot afford to pay fees to move forward with their defense of this action. Significantly, Defendants' financial limitations are evidenced by their inability to retain counsel in an effort to secure Mr. Suman's release on bail from the detention center. Under these circumstances, where it is clear that a party will be unable to pay counsel fees going forward, courts routinely grant motions to withdraw. See Leedy v. Hartnett, 510 F.Supp. 1125 (M.D. Pa. 1981), aff'd, 676 F.2d 686 (2d Cir. 1982)(granting motion to withdraw  and stating that it is "not desirable to require counsel to continue to serve when there exists no chance of his being compensated for his services"). In sum, Defendants have no funds or access to funds to pay Gibbons for past or future attorneys fees. Accordingly, Gibbons' motion to withdraw as Defendants' counsel should be granted.

II.    Defendants Are Unable to Participate in Their Defense

Mr. Suman's detention impedes Gibbons' ability to represent Defendants adequately - yet another reason why Gibbons' withdrawal as counsel is appropriate. The New York Code of Professional Responsibility allows for permissive withdrawal as counsel of record where it is "unreasonably difficult for the lawyer to carry out employment effectively." See N.Y. Code of Professional Responsibility DR 2-110 (C)(1)(d). Here, Mr. Suman cannot travel to meet with counsel in person; nor can he afford to pay counsel to travel to meet with him at the detention center. Further, Mr. Suman cannot receive telephone calls at the detention center and may only

---

[1]  All unreported cases cited herein are attached at Appendix A and are listed alphabetically.

make calls at the discretion of ICE authorities.    As a result, since his unforeseen and unforeseeable detention, Gibbons counsel has had limited contact with Mr. Suman, and has not spoken with him since November 28, 2007.    Mr. Suman has also not responded to multiple messages left for him at the detention center within the last week.[2]

In sum, counsel has effectively been unable to communicate with Mr. Suman regarding his defense of this action.    Thus, although the Court ordered the parties to proceed with discovery, Gibbons is unable to do so on behalf of Defendants because counsel has been unable to communicate with Mr. Suman.  A client's inability or failure to communicate with counsel is a justifiable reason for withdrawal.  See Emile v. Browner, 1996 U.S. Dist. LEXIS 18654, 1 (S.D.N.Y. 1996) (stating that "[w]hen a client fails to pay legal fees, [or] fails to communicate or cooperate with the attorney, . . . these are more than sufficient reasons for counsel to be relieved."); see also Oscar de la Renta Ltd., 1993 U.S. Dist. LEXIS 7572, *1 (stating that "[c]ounsel may withdraw if his or her client fails to . . . communicate or cooperate with their attorney.").

Gibbons' inability to communicate sufficiently with Mr. Suman is fatal to the effective representation of both Defendants'.    Specifically, the gravamen of the SEC's claims is that Defendants traded Molecular securities based on material and non-public information regarding the prospective tender offer acquisition of Molecular by MDS, Inc. ("MDS"), which Mr. Suman obtained in breach of his duty to MDS, Mr. Suman's former employer.  See Complaint ¶ 1.  The SEC alleges that Ms. Rahman traded based on information provided to her by Mr. Suman.  See

---

[2] Because of her ill health, Ms. Rahman cannot travel to meet with counsel and, as a result, all communications with Ms. Rahman have been by telephone.  In any event, Ms. Rahman cannot afford to pay counsel fees to defend this action and, for that reason, cannot participate in her defense.

id. at ¶¶ 21-25.  Thus, whether Mr. Suman obtained information regarding the acquisition from, and in breach of a duty to, MDS is central to the defense of both Mr. Suman and Ms. Rahman. Developing that defense, and providing discovery regarding it, depends upon the ability to meet with and fully discuss the matter with the Defendants.  Gibbons' inability to do so, based upon Mr. Suman's detention thus severely compromises the Firm's ability to defend and represent Defendants adequately.  Under the circumstances, it is "unreasonably difficult for [Gibbons] to carry out its employment effectively."  See N.Y. Code of Professional Responsibility DR 2-110 (C)(1)(d).  Gibbons' motion to withdraw should be granted.

III.    The Parties Will Not Be Prejudiced By Gibbons' Withdrawal As Counsel

        A district court, when addressing motions to withdraw as attorney of record, must consider whether litigation will be disrupted by the action and whether the parties to the action will be prejudiced.  See Allstate Insurance Co. v. Administratia Asigurarilor de Stat, 1993 U.S. Dist. LEXIS 4853, 1993 WL 119708, *5 (S.D.N.Y. 1993); see also Emile, 1996 U.S. Dist. LEXIS 18654, 1 (S.D.N.Y. 1996) (noting that the court has discretion to place conditions on withdrawal).  Under the circumstances of this case, no such prejudice will result.  First, this case is in its preliminary stages -- no answer or responsive pleading has been filed, and no discovery has been exchanged.  Second, the pretrial schedule set forth in the Court's Scheduling Order of November 9, 2007 will not be disturbed by Gibbons' withdrawal as counsel.  See Malarkey v. Texaco, Inc., 1989 U.S. Dist. LEXIS 8764, 1989 WL 88709, *5 (S.D.N.Y. 1989) (denying motion to withdraw where a "change in counsel would do no more than extend the already protracted history of the litigation.").  The case may proceed as before, hampered only by the circumstances -- Mr. Suman's detention -- that require this motion in the first place. Accordingly, and in the absence of such prejudice, Gibbons' motion to withdraw must be granted.

## **CONCLUSION**

For the foregoing reasons, Gibbons hereby requests that this Court grant its motion to withdraw as counsel of records for Defendants.

Dated:  December 26, 2007
        New York, New York

                                        Respectfully submitted,

                                        **GIBBONS P.C.**

                                        __s/ Ghillaine A. Reid_____
                                            Ghillaine A. Reid

                                        One Pennsylvania Plaza
                                        New York, New York 10119
                                        (212) 613-2000

                                        *Counsel for Defendants*
                                        *Shane Suman and Monie Rahman*

# APPENDIX A

# UNREPORTED CASES

LEXSEE 1993 U.S. DIST. LEXIS 4853, 86

**ALLSTATE INSURANCE COMPANY, Plaintiff, v. ADMINISTRATIA
ASIGURARILOR DE STAT, et al., Defendants.**

**86 Civ. 2365 (DNE)**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF
NEW YORK**

*1993 U.S. Dist. LEXIS 4853*

**April 15, 1993, Decided
April 15, 1993, Filed**

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff insurance companies brought an action against defendant foreign reinsurance companies for losses suffered by a reinsurance policy. The attorneys for one of the foreign companies filed a motion to withdraw as counsel pursuant to U.S. Dist. Ct., S.D.N.Y., R. 3(c).

**OVERVIEW:** The underlying claim in this action arose out of a series of reinsurance transactions between the insurance company and the foreign companies. The attorneys for one of the foreign companies filed a motion to withdraw as counsel. They alleged that the foreign company had failed to pay for legal services and the attorneys had already found substitute counsel for the company. The court scheduled a hearing and then entered an order after the foreign company failed to show and failed to contact the court. The only correspondence received by the court was in a letter sent to the attorneys. The foreign company argued that it was unable to pay its legal fees. The court granted the attorneys' motion to withdraw because there were no objections and none of the parties would be unduly burdened. The court entered a conditional default judgment against the foreign company because it would not be allowed to proceed pre se and it failed to communicate with the court.

**OUTCOME:** The court granted the attorneys' motion to withdraw and entered a default judgment against that foreign company.

**LexisNexis(R) Headnotes**

*Civil Procedure > Counsel > General Overview*
[HN1] U.S. Dist. Ct., S.D.N.Y., R. 3(c) states that an attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

*Civil Procedure > Counsel > General Overview*
[HN2] Pursuant to U.S. Dist. Ct., S.D.N.Y., R. 3(c), an attorney may withdraw as counsel when his client fails to pay legal fees, provided that withdrawal will not prejudice other parties to the action or unduly burden the court.

*Civil Procedure > Parties > Self-Representation > General Overview*
[HN3] A corporation cannot appear pro se before the district court.

*Civil Procedure > Pretrial Judgments > Default > Default Judgments*
*Civil Procedure > Pretrial Judgments > Default > Entry of Default Judgments*
*Civil Procedure > Judgments > General Overview*
[HN4] Where a party has acted in willful and deliberate disregard of reasonable and necessary court orders, the

1993 U.S. Dist. LEXIS 4853, *

entry of a default judgment against that party is appropriate.

**COUNSEL:** For ALLSTATE INSURANCE COMPANY, plaintiff: Michael Luskin, Gelberg & Adams, 711 Third Ave., New York, NY 10017, 212/599-3200.

For ALLAMI BIZTOSITO, CESKA STATNI POJISTOVNA, POZAVAROVALNA SKUPNOST SAVA, defendants: Bernard Hubscher, 30 Vesey Street, New York, NY 10007, 374-1166. For CAJA NATIONAL DE AHORRO Y SEGUROS, GRUPO UNIVERSAL DE REASEGUROS CORRIENTES, INSTITUTO NACIONAL DE REASEGUROS, defendants: Larry W. Thomas, Cameron, Hornbostel, Adelman & Butterman, 230 Park Avenue, New York, NY 10169, 212-682-4902. For GROUPE KLEBER, defendant: Harry P. Cohen, Miller, Singer, Raives & Brandes, P.C., One Rockefeller Plaza, New York, NY 10020, (212) 582-6700. Harry P. Cohen, Rosenman & Colin, 575 Madison Avenue, New York, NY 10022, (212) 940-8800. For ADMINISTRATIA ASIGURARILOR DE STAT STRADA, defendant: Roy E. Pomerantz, Kroll & Tract, 1 Gateway Center, Newark, NJ 07102, 201-622-3955. For SOCIETE CENTRALE DE REASSURANCE, defendant: Thacher Proffitt & Wood, Two World Trade Center, New York, NY 10048, 912-5700. Thomas S. Howard, Kirsch, Gartenberg & Howard, 2 University Plaza, Hackensack, NJ 07601, (201) 488-4644. For KWAIT INSURANCE CO., S.A.K., MUTUELLE CENTRALE MAROCAINE D' ASSURANCE, defendants: Thacher Proffitt & Wood, Two World Trade Center, New York, NY 10048, 212/972-7400.

For ADMINISTRATIA ASIGURARILOR DE STAT STRADA, third-party plaintiff: Roy E. Pomerantz, Kroll, Tract, Harnett, Pomerantz, 500 Fifth Ave., New York, NY 10110, 212/921-9100. For RAYMOND KARLINSKY, MAURICE NEWMAN, third-party defendant: Martin E. Karlinsky, SCHEFFLER KARLINSKY & STEIN, 220 Fifth Avenue, Fifth Floor, New York, NY 10001-7708, (212) 532-2000.

**JUDGES:** [*1] Edelstein

**OPINION BY:** DAVID N. EDELSTEIN

**OPINION**

*MEMORANDUM & ORDER*

*EDELSTEIN, District Judge:*

The underlying claim in this action arises out of a series of reinsurance transactions among Allstate Insurance Company ("Allstate") and defendants, thirty-four foreign reinsurance companies. Allstate alleges that its former wholly-owned subsidiary, Northbrook Excess and Surplus Insurance Company, obtained reinsurance from a Mexican reinsurer, Seguros La Republica ("SLR"). SLR, in turn, partially retroceded its reinsurance liability to defendants. SLR eventually assigned its rights against defendants to Allstate in return for a release from liability. Allstate then instituted this suit to recover from defendants losses covered by the SLR reinsurance policy.

On January 8, 1993, Thacher Proffitt & Wood ("Thacher"), attorneys for defendant Mutuelle Centrale Marocaine d'Assurance ("Marocaine"), filed a motion pursuant to General Rule 3(c) of the Joint Rules for the United States District Courts for the Southern and Eastern Districts of New York ("General Rule 3(c)"), to withdraw as counsel to Marocaine. In an affidavit filed in support of Thacher's motion, Raymond S. Jackson, Jr., a member of the [*2] Thacher firm, avers that since December 1986, Marocaine has failed to pay Thacher for legal services rendered on Marocaine's behalf. Furthermore, although Thacher has found substitute counsel willing to represent Marocaine, Marocaine has failed to retain such counsel. [1]

> 1    In his Affidavit in Support of Thacher's General Rule 3(c) motion, Mr. Jackson states that, although the law firm of Kirsch, Gartenberg & Howard was willing to represent Marocaine, Marocaine failed to provide a sufficient advance to retain the firm. *See* Affidavit of Raymond S. Jackson, Jr., at 5.

On March 12, 1993, this Court scheduled a hearing on Thacher's motion to be held on April 15, 1993. By a March 12, 1993 telephone conversation with Mr. Jackson, this Court informed Mr. Jackson that both Thacher and a representative of Marocaine were required to attend the April 15, 1993 hearing. This Court further directed Mr. Jackson to inform this Court if Marocaine was unable to attend the April 15 hearing and indicated that the hearing date [*3] could be rescheduled in order to accommodate Marocaine's travel to the United States.

1993 U.S. Dist. LEXIS 4853, *3

By a letter dated March 30, 1993, Thacher informed this Court that its client, Marocaine, had not responded to repeated communications intended to ensure Marocaine's appearance at the April 15 hearing. Accordingly, this Court entered an Order, dated March 31, 1993, ordering that a representative of Marocaine appear before this Court on April 15, 1993. The March 31 Order stated, in relevant part, that:

> IT IS ORDERED that a representative of defendant Mutuelle Centrale Marocaine d'Assurance appear before this Court in the Southern District of New York, United States Courthouse, 40 Foley Square, Courtroom 1105 on April 15, 1993 at 1:30 p.m.. Failure to abide by this Court's Order will invite the imposition of sanctions.

This Court transmitted, by overnight mail, a copy of this Order to an authorized agent of Marocaine. [2] Thacher also transmitted, via Federal Express and telefax, a copy of this Order to Marocaine. *See* Letter of Raymond S. Jackson to the Court (April 1, 1993).

> 2    The March 31, 1993 Order was delivered by Federal Express to M. Abed Yacoubi Soussane at Marocaine's corporate headquarters, 16 Rue Abou Inane, Rabat, Morocco.

[*4] By a letter dated April 12, 1993, Thacher transmitted to this Court a copy of an undated telefax sent to Mr. Jackson by Mr. K. Abdellaoui, a representative of Marocaine. This telefax is not in English. Thacher has, however, provided this Court with a certified translation of the telefax. *See* Supplemental Affidavit of Raymond S. Jackson, Jr., Exhibit E. The telefax, in its entirety, states:

> Dear [Mr. Jackson]:

> Thank you for your above-referenced letter. Please be advised that we are a small mutual insurance company. Our funds are as limited as our activity sector. As a result of this fact, we are financially unable to pay your fees, which are too high for our treasury.

> Along this line, we are under the obligation to have ourselves represented by his honor:

> HONORABLE DAVID N. EDELSTEIN

> UNITED STATES DISTRICT JUDGE

> UNITED STATES COURT HOUSE

> FOLEY SQUARE

> NEW YORK, NEW YORK 10007-1581

> We rely on his honor that this matter be settled without delay for our Company, since the signed treaties in our possession exclude all matters regarding the United States and Canada, which matters form the object of Allstate's request.

> Thank you for your cooperation, and we [*5] remain at your disposal for any additional information.
> Very Truly Yours,

> /s/ K. Abdellaoui

In substance, therefore, this telefax acknowledges Marocaine's receipt of the March 31, 1993 Order. In addition, the telefax contains an admission that Marocaine is unable to pay Thacher's fees.

Marocaine failed to contact this Court prior to the April 15 hearing. Moreover, Marocaine willfully disregarded this Court's March 31 Order and failed to attend the hearing.

*DISCUSSION*

[HN1] General Rule 3(c) of the Joint Rules for the United States District Courts for the Southern and Eastern Districts of New York states that:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case

1993 U.S. Dist. LEXIS 4853, *5

without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

In his supporting affidavit, Mr. Jackson avers that defendant Marocaine has failed to meet its monetary obligations to Thacher. This non-payment of fees, Mr. Jackson [*6] states, has been continual since 1986, in spite of the fact that Thacher has represented Marocaine in good faith and has repeatedly billed Marocaine for sums owed to the firm. Indeed, in the above-quoted telefax from Marocaine to Mr. Jackson, Marocaine states that it is unable to pay monies owed to Thacher.

It is well settled that, [HN2] pursuant to General Rule 3(c), an attorney may withdraw as counsel when his client fails to pay legal fees, provided that withdrawal will not prejudice other parties to the action or unduly burden the Court. *See Furlow v. City of New York, 1993 U.S. Dist. LEXIS 3510,* \*3-\*4 (S.D.N.Y. March 22, 1993); *Golden v. Guaranty Acceptance Capital Corp., 1993 U.S. Dist. LEXIS 3638,* \*2-\*3 (S.D.N.Y. March 25, 1993); *see also Farr Man Coffee Inc. v. M/S Bernhard S, 1989 U.S. Dist. LEXIS 2988,* \*3 (S.D.N.Y. March 28, 1989) ("It hardly needs saying that a client's refusal to pay the attorney . . . is a satisfactory reason for allowing the attorney to withdraw."). Thacher's affidavit in support of its motion to withdraw clearly delineates Marocaine's failure to pay for legal [*7] work done by Thatcher. Moreover, copies of correspondence and invoices annexed to Mr. Jackson's affidavit demonstrate that Thacher has persistently solicited payment while, at the same time, continuing to defend Marocaine in this action. Indeed, as already noted, Marocaine admits its inability to pay Thacher and has failed to muster sufficient funds to retain alternate counsel. Thacher has therefore articulated good cause for its motion to withdraw.

In addition, no party to this action opposes Thacher's motion. At this stage in the litigation, allowing Thacher to withdraw would not unduly burden the Court or otherwise prejudice the other parties to this action. Thus, Thacher's motion to withdraw is granted.

Nevertheless, allowing Thacher to withdraw in light of Marocaine's apparent inability or unwillingness to retain substitute counsel does present a serious problem.

[HN3] A corporation cannot appear *pro se* before this Court. *See Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir. 1983)* ("It is established that a corporation, which is an artificial entity that can act only through agents, cannot proceed *pro se.*"); *see also Eagle Assoc. v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991)* [*8] (corporation precluded from litigating *pro se.*); *Fraass Survival Sys. v. Absentee Shawnee Economic Dev. Auth., 1993 U.S. Dist. LEXIS 3960,* \*2 (S.D.N.Y. April 1, 1993) ("It is well settled . . . that a corporation cannot appear *pro se.*"). Therefore, Marocaine may not continue to defend this action absent legal representation. Marocaine, however, steadfastly has refused to pay for legal counsel -- or to retain counsel other than Thacher. One purpose of the April 15 hearing was to address this problem.

However, in spite of the fact that this Court's March 31 Order specifically directed Marocaine to attend the April 15 hearing, and stated that failure to attend would invite sanctions, Marocaine failed to appear before this Court. The record demonstrates that Marocaine had actual notice of the contents of this Order and that Marocaine realized that its presence was required at the April 15 hearing. Nevertheless, Marocaine failed even to communicate with this Court regarding the hearing. [3] This is particularly relevant because this Court indicated to Marocaine's counsel that the hearing could be rescheduled in order to accommodate Marocaine's travel [*9] plans.

> 3    It should be noted that the above-quoted telefax, *see* supra at 3-4, is not construed as a communication with this Court. This telefax was transmitted only to Thacher.

Thus, in light of Marocaine's willful and deliberate disregard for this Court's Order, I find it appropriate to enter a conditional default judgment against Marocaine. The Second Circuit has held that, because "default judgments implicate sharply conflicting policies" the district court "is in the best position to evaluate the good faith and credibility of the parties' [and] is entrusted with the task of balancing" competing considerations to determine whether a default judgment is appropriate. *Eagle Assoc., 926 F.2d at 1307-08* (quoting *Davis v. Musler, 713 F.2d 907, 912 (2d Cir. 1983)*). [HN4] Where a party has acted in willful and deliberate disregard of reasonable and necessary court orders, the entry of a default judgment against that party is appropriate. *See*

*Ferraro v. Kuznetz, 131 F.R.D. 414, 416 (S.D.N.Y. 1990);* [*10] *see also Dow Chemical Pacific Ltd. v. Rascator Maritime, S.A., 782 F.2d 329, 336 (2d Cir. 1986)* (failure to comply with court's order to obtain new counsel is grounds for entry of default judgment); *McGrady v. D'Andrea Elec., Inc., 434 F.2d 1000, 1001 (5th Cir. 1970)* (defendant's failure to appear at pretrial conference or otherwise comply with court's orders is grounds for entry of a default judgment).

The entry of a conditional default judgment against Marocaine is appropriate. Marocaine has willfully and deliberately disregarded this Court's Order. Moreover, in light of the fact that a corporation may not litigate *pro se,* Marocaine's apparent unwillingness to retain substitute counsel indicates that Marocaine does not intend to defend this action. Therefore, this Court will enter a default judgment against Marocaine. This default judgment will be stayed for thirty-one (31) days from the filing of this Memorandum & Order. This stay will expire, and the default judgment will become final, unless within the next thirty (30) days Marocaine (1) retains substitute counsel and (2) substitute counsel submits an affidavit [*11] to this Court confirming its representation of Marocaine. If Marocaine does so, this Court will entertain a motion to vacate the default judgment entered against Marocaine.

*CONCLUSION*

IT IS HEREBY ORDERED that Thacher Proffitt &

Wood's motion, pursuant to General Rule 3(c), for leave to withdraw as counsel for defendant Mutuelle Centrale Marocaine d'Assurance is GRANTED; and

IT IS FURTHER ORDERED that a default judgment be entered against defendant Mutuelle Centrale Marocaine d'Assurance; and

IT IS FURTHER ORDERED that the default judgment against defendant Mutuelle Centrale Marocaine d'Assurance is stayed for thirty-one (31) days from the date this Memorandum & Order is filed, after which time the stay will automatically dissolve; and

IT IS FURTHER ORDERED that this Court will entertain a motion to vacate the default judgment entered against defendant Mutuelle Centrale Marocaine d'Assurance if, within the next thirty (30) days, Mutuelle Centrale Marocaine d'Assurance (1) retains substitute counsel and (2) substitute counsel submits an affidavit to this Court confirming its representation of Marocaine.

SO ORDERED.

DATED: April 15, 1993

New York, New York

David N.  [*12] Edelstein

U.S.D.J.

LEXSEE 1996 US DIST LEXIS 18654

**MARGARET EMILE, Plaintiff, -against- CAROL M. BROWNER, ADMINISTRATOR, ENVIRONMENTAL PROTECTION AGENCY, Defendant.**

**95 Civ. 3836 (SS)(THK)**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

*1996 U.S. Dist. LEXIS 18654*

**December 17, 1996, Decided**
**December 17, 1996, FILED**

**DISPOSITION:**     [*1] Counsel's application to withdraw granted.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff employee's counsel filed a motion to be relieved as her attorney in the employee's Title VII action against defendant Environmental Protection Agency (EPA) administrator. The matter had earlier been referred to a magistrate.

**OVERVIEW:** The employee's counsel applied to the magistrate to withdraw from representing the employee in the latter's action brought under Title VII against the EPA administrator. The counsel cited as reasons for the motion the employee's failure to pay attorney fees, failure to cooperate, and accusal of the attorney of professional dereliction. The employee did not oppose the motion and the EPA administrator took no position. The magistrate granted the counsel's motion to withdraw from representing the employee, holding that he had cited reasons satisfactory for withdrawal. The magistrate held that the employee's failure to pay legal fees, failure to cooperate with the counsel, and indication that she lacked confidence in the counsel by accusing him of poor work were more than sufficient reasons for the counsel to be relieved. Although the already extended discovery deadline was about to expire, the magistrate held that the reasons cited for withdrawal outweighed any prejudice resulting from granting the motion in light of the case's procedural posture.

**OUTCOME:** The magistrate granted the employee's

counsel's motion to withdraw from representing the employee in the latter's employment action against the EPA administrator.

**LexisNexis(R) Headnotes**

*Civil Procedure > Counsel > General Overview*
[HN1] S.D. N.Y. Gen. R. 3(c) and E. D. N.Y. Gen. R. 3(c) provide that for an attorney to withdraw from a case he must seek leave of court and show by affidavit (1) satisfactory reasons for withdrawal, and (2) the posture of the case.

*Civil Procedure > Counsel > General Overview*
[HN2] When a client fails to pay legal fees, fails to communicate or cooperate with the attorney, or indicates that she lacks confidence in and no longer wishes to be represented by the attorney, and the attorney-client relationship has broken down, these are more than sufficient reasons for counsel to be relieved.

*Civil Procedure > Counsel > General Overview*
[HN3] In ruling on a motion to withdraw, the court may nevertheless consider the posture of the case and whether counsel's withdrawal will result in any prejudice to defendant or have a negative impact on the court's calendar.

**COUNSEL:** For MARGARET EMILE, plaintiff: Joseph Fleming, New York, NY.

1996 U.S. Dist. LEXIS 18654, *1

For CAROL M. BROWNER, Administrator, Environmental Protection Agency, ENVIRONMENTAL PROTECTION AGENCY, defendants: Glenn Charles Colton, United States Attorney's Office, Southern District of New York, New York, NY.

**JUDGES:** Theodore H. Katz, United States Magistrate Judge

**OPINION BY:** Theodore H. Katz

**OPINION**

**MEMORANDUM OPINION AND ORDER**

**THEODORE H. KATZ, United States Magistrate Judge.**

This Title VII action was referred to me by the Honorable Sonia Sotomayor, United States District Judge, for general pretrial supervision and reports and recommendations on dispositive motions. Presently before the Court is a motion to be relieved as plaintiff's counsel, brought by Joseph Fleming, Esq.

[HN1] General Rule 3(c) of the Southern and Eastern Districts of New York provides that for an attorney to withdraw from a case he must seek leave of court and show by affidavit (1) satisfactory reasons for withdrawal, and (2) the posture of the case. In his moving affidavit, Mr. Fleming cites his client's refusal to pay his bill for services and a breakdown in the attorney-client relationship, [*2] in which plaintiff has refused to cooperate and has accused him of professional dereliction. *See* Affidavit of Joseph Fleming, Esq., dated October 18, 1996. His client, Margaret Emile, supports the application, confirming that she does not believe that she has been adequately represented by Mr. Fleming because, for example, he failed to conduct thorough pretrial discovery, refused to discuss his trial strategy with her and failed to provide her with case-related materials. *See* Affidavit of Margaret Emile, dated November 6, 1996. Defendant has taken no position on the motion.

The Court need not resolve the allegations plaintiff and her attorney have made against each other. [HN2] When a client fails to pay legal fees, fails to communicate or cooperate with the attorney, or indicates that she lacks confidence in and no longer wishes to be represented by

the attorney, and the attorney-client relationship has broken down, these are more than sufficient reasons for counsel to be relieved. *See, e.g., Seisay v. Compagnie Nationale Air France D/B/A, 1996 U.S. Dist. LEXIS 978,* No. 95 Civ. 7660 (JFK)(AJP), 1996 WL 38844 (S.D.N.Y. Feb. 1, 1996); *Dowler v. Cunard Line Ltd., 1996 U.S. Dist. LEXIS 9100,* No. 94 Civ. 7480 (PKL), 1996 WL 363167 [*3] (S.D.N.Y. June 28, 1996); *Furlow v. City of New York, 1993 U.S. Dist. LEXIS 3510,* No. 90 Civ. 3956 (PKL), 1993 WL 88260 (S.D.N.Y. Mar. 22, 1993); *McGuire v. Wilson, 735 F. Supp. 83 (S.D.N.Y. 1990).*

[HN3] In ruling on the instant motion, the Court may nevertheless consider the posture of the case and whether counsel's withdrawal will result in any prejudice to defendant or have a negative impact on the Court's calendar. *See Golden v. Guaranty Acceptance Capital Corp., 1993 U.S. Dist. LEXIS 3638,* No. 91 Civ. 2994 (CHT), 1993 WL 88191, at *1 (S.D.N.Y. Mar. 25, 1993) (posture of case was such that granting motion to be relieved would not prejudice the defendant; minimal discovery had taken place and no trial date had been set); *Furlow, 1993 U.S. Dist. LEXIS 3638, 1993 WL 88260,* at *2 (resolution of case will not be substantially delayed by counsel's withdrawal); *Beshansky v. First Nat'l Entertainment Corp., 140 F.R.D. 272, 274 (S.D.N.Y. 1990)* (because plaintiffs have an interest in moving the case toward completion, restrictions imposed on defendants and their counsel as condition of withdrawal); *Farberware, Inc. v. International Mach. Corp.,* No. 89 Civ. 6240 (PKL), 1990 WL 108397, at *1 (S.D.N.Y. July 20, 1990) (concern with delay causes court to set [*4] strict deadline for retention of new counsel and filing of reply papers on pending motion, with warning that new issues are not to be raised by new counsel in reply papers). In a telephone conference with counsel, the Court has already expressed concerns in this regard. Although this action was filed in May of 1995, that date does not reflect the true length of plaintiff's proceedings in this Court. This action was filed after an earlier proceeding filed in 1991, also involving challenges to the terms and conditions of plaintiff's employment, was discontinued. *See Emile v. William K. Reilly, Administrator, Environmental Protection Agency,* 91 Civ. 5861 (S.D.N.Y.), Stipulation of Voluntary Discontinuance, dated July 28, 1995. That action had been on the Court's docket for approximately four years, had been on the suspense docket for approximately two years, and plaintiff's first two attorneys in that action had withdrawn from representation under circumstances

disturbingly reminiscent of the situation presented by the instant motion.

All pretrial discovery in this action was scheduled to be completed by March 4, 1996. *See* Order, dated October 13, 1996. Several extensions of [*5] the discovery deadline were subsequently granted, despite untimely requests by counsel. At the last discovery conference, on September 5, 1996, the Court reluctantly granted plaintiff's request to depose two supervisory officials employed by defendant, although a previous request for that discovery had been denied as untimely, and permitting the depositions required a further extension of the discovery deadline. At the September 5th conference, the Court ruled that the two depositions which plaintiff requested to take would be the only remaining pretrial discovery and that a Joint Pretrial Order was to be submitted by October 30, 1996. Counsel's motion to be relieved was filed on October 22, 1996, at which time the remaining depositions had still not been taken.

Based upon the chronology set forth above, the Court has strong reservations about allowing plaintiff's counsel to withdraw before the depositions are completed and the Pretrial Order is submitted. Conditioning counsel's withdrawal on completion of these tasks would be well within the Court's discretion and would serve the Court's interest in advancing this matter to trial. *See, e.g.*, *John Hancock Property and Cas. Ins.* [*6] *Co. v. Universale Reinsurance Co., 1993 U.S. Dist. LEXIS 5716*, No. 91 Civ. 3644 (CES), 1993 WL 147560, at *2 (S.D.N.Y. Apr. 30, 1993) (counsel's withdrawal permitted provided certain conditions were met); *Oscar de la Renta Ltd. v. Strelitz Ltd., 1993 U.S. Dist. LEXIS 7572*, No. 92 Civ. 3907 (CES), 1993 WL 205150, at *1 (S.D.N.Y. June 7, 1993) (counsel permitted to withdraw on condition that he submit responsive papers to pending motion to strike

the answer); *Beshansky, 140 F.R.D. at 274* (counsel's withdrawal conditioned on providing and explaining order of withdrawal to all defendants). Although plaintiff should have a similar interest in advancing this matter to trial, that interest is not readily discernible from the record in this and its predecessor action. Nevertheless, in view of the extreme breakdown which has occurred in plaintiff's relationship with her attorney, their inability to communicate, and plaintiff's failure to pay the fees and ongoing costs of the litigation, the disadvantages of continued representation by Mr. Fleming far outweigh its benefits.

Counsel's application to withdraw will therefore be granted. Plaintiff requested and has had since the first week in November to find new counsel. *See* November [*7] 6th Affidavit of Margaret Emile, P 22. She will be allowed until December 31, 1996 to complete that process and to file appropriate papers. Plaintiff is hereby advised that whether she retains new counsel or proceeds *pro se*, the only remaining pretrial discovery that will be permitted is the completion of the two depositions that were previously authorized. Those depositions shall be completed by January 22, 1997 and the Joint Pretrial Order shall be submitted by February 7, 1997. The substitution of counsel shall not serve to reopen discovery issues or further prolong the scheduling of the trial of this action.

SO ORDERED.

Dated: New York, New York

December 17, 1996

Theodore H. Katz

United States Magistrate Judge

7 of 13 DOCUMENTS

**CATHERINE E. MALARKEY, Plaintiff, v. TEXACO, INC., Defendant**

**No. 81 Civ. 5224 (CSH)**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

*1989 U.S. Dist. LEXIS 8764*

**July 28, 1989, Decided; July 31, 1989, Decided**

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff's attorney filed a motion to withdraw in plaintiff's age discrimination suit.

**OVERVIEW:** The court denied the attorney's motion to withdraw. The court held that the attorney could not abandon his relationship with plaintiff without reasonable or justifiable cause because plaintiff opposed the withdrawal. The court held that the attorney did not show reasonable cause and that both plaintiff and defendant would have been prejudiced by the withdrawal because it would have caused further delays in the action. The court determined that its ability to manage its docket would have been impeded by a change in counsel because the matter was in a late stage of litigation.

**OUTCOME:** The court denied the attorney's motion to withdraw in plaintiff's age discrimination suit.

**LexisNexis(R) Headnotes**

*Civil Procedure > Counsel > General Overview*
[HN1] When an attorney is retained to conduct a legal proceeding, he enters into an entire contract to conduct the proceeding to a conclusion and he may not abandon his relation without reasonable or justifiable cause. Where a client wishes to halt representation by current counsel, no cause is required.

*Civil Procedure > Counsel > General Overview*
[HN2] Apart from obvious cases, such as discovery of a client's fraudulent conduct, what constitutes reasonable or justifiable cause is not readily stated. The question of attorney withdrawal over a client's objections is not often litigated and as a result there is little written on the subject.

**OPINION BY:** [*1] HAIGHT, JR.

**OPINION**

*MEMORANDUM OPINION AND ORDER*

*CHARLES S. HAIGHT, JR., UNITED STATES DISTRICT JUDGE*

*Counsel for plaintiff, the law firm of Spizz & Cooper, moves for leave to withdraw as Malarkey's counsel in this age discrimination suit. Plaintiff opposes her attorneys' application, as does defendant Texaco, Inc.*

It is generally said of the attorney-client relationship that [HN1] "[w]hen an attorney is retained to conduct a legal proceeding, he enters into an entire contract to conduct the proceeding to a conclusion and he may not abandon his relation without reasonable or justifiable cause". *Rindner v. Cannon Mills, Inc., 486 N.Y.S.2d 858, 859 (S.Ct. Rock. Cty. 1985)* (citations omitted). It is of course true that where a client wishes to halt representation by current counsel, no cause is required. *Mambrino v. State, 221 N.Y.S.2d 643, 644-45 (Ct. Cl. 1961).* That is not the situation in the case at bar. Ms. Malarkey has written the Court and expressed her desire that current counsel continue to represent her in this matter. The question thus arises what constitutes sufficient cause for counsel's withdrawal against the

wishes of its client.

It has been said that [HN2] "[a]part from obvious [*2] cases, such as discovery of a client's fraudulent conduct, what constitutes reasonable or justifiable cause is not so readily stated." *Rindner, supra, at 859*; *see also Goldsmith v. Pyramid Communics., Inc., 362 F. Supp. 694, 696-97 (S.D.N.Y. 1973)* (withdrawal is appropriate where counsel believes that his client's case lacks merit). The question of attorney withdrawal over a client's objections is not often litigated and as a result there is little written on the subject. However, what has been said militates against releasing Spizz & Cooper from its duties in this action.

In the case at bar, while there have been disagreements between plaintiff and her counsel, the case differs from *Rindner* and *Goldsmith* in that the Spizz firm does not say plaintiff's claims are so lacking in merit that they do not warrant litigation. In essence, counsel complains of a breakdown in the working relationship with Malarkey. Specifically, counsel says the following:

4. Recently, as we approach the trial of this case, our client has become increasingly critical of our efforts in her behalf such that it makes it extremely difficult for this firm to properly represent her.

6. This office [*3] does not wish to continue representing the plaintiff under the circumstances that she is demanding in terms of control of the litigation, including the drafting of papers, communications to the Court, and tactical litigation decisions.

Affidavit of Harvey W. Spizz sworn to on July 10, 1989 at paras. 4 and 6. Ms. Malarkey responds as follows:

I have at no time failed or refused to cooperate with Spizz or his associates, contrary to his allegations in his affidavit. On the contrary, I have spent countless hours answering interrogatories and providing information in response to discovery requests, and drafting our own interrogatories based on my knowledge and information. This was not my desire. I have received little or no assistance or guidance from Spizz in these endeavors.

I do not attempt to "control" this litigation, nor do I make such demands. I do not refuse to take my attorneys' advice, but have sought on each occasion to discuss my concerns with them, only to be met with bland statements

that such concerns are not serious. I have merely urged on my attorneys the desirability of doing their job in such a manner as to acquire all information necessary to prosecute this case [*4] and counter the misleading claims and representations of Texaco's counsel.

Letter of Catherine E. Malarkey dated July 16, 1989 at 2.

Although it would appear that plaintiff has, at points in the long history of this litigation, been somewhat dissatisfied with her attorneys' efforts in the case, she is clearly not of the view that counsel is unable to represent her interests in this suit. She requests that they stay on board.

In support of their contention that Malarkey has indeed attempted to control the tactical decisions in the case, counsel says the following:

14. With respect to Mrs. Malarkey's denial on her part of an attempt to control the litigation, just before your affiant made this motion, in the very phonecall wherein I suggested that it might be appropriate, given her feelings about the firm, that we be discharged, she indicated to this firm that if we did not send a letter to the Court pointing out that Texaco had been obstreperous with respect to discovery (despite the fact that there was no outstanding discovery issue before the court) that she would on her own send such a letter to the Court.

Affidavit of Harvey W. Spizz sworn to on July 24, 1989 at para. 14. Counsel [*5] worries that plaintiff will begin communicating with the Court directly, interfering with the proper administration of the case. This is pure speculation on the part of counsel. Indeed, even in that one instance where Malarkey did express an intention to write to the Court, she did not do so. With the exception of responding to counsel's motion to withdraw, plaintiff was at no point communicated with this Court directly.

The picture painted by the Spizz firm is not sufficient to justify releasing counsel from its obligations in this eight year old case. It is clear that in this action where there has been extensive motion practice and the case is, after significant delay, on the verge of trial readiness, a change in counsel would do no more than extend the already protracted history of the litigation. Both plaintiff and defendant would be prejudiced by such further delay, and the Court's ability to manage its docket would certainly be impeded by a change in counsel at this late

stage of the litigation. In these circumstances, it is right to require plaintiff's counsel to remain.

What amounts to specific performance by an attorney has been required, but such cases are extremely rare. [*6] They fall into two general classifications, that is, situations where the client's rights will be prejudiced by the delay consequent on replacing counsel and cases where the trial calendar of the Court will be dislocated, so as to impede the interests of justice.

*Goldsmith, supra, at 696* (citations omitted).

On the present record, I deny counsel's motion to withdraw. I say this mindful of the fact that the working relationship between counsel and its client is, at the current time, not ideal. This is, of course, to plaintiff's disadvantage and she would be wise to cooperate with her attorneys and consider their professional advice in this matter.

*Scheduling Matters*

*If defendant believes that plaintiff persists in a refusal to comply with a discovery order of Magistrate Dolinger (see* Whitman & Ransom letter dated July 14, 1989 at 2), I grant leave to defendant to move for an order dismissing the complaint under Rule 37. The motion papers must state with particularity the date of the Magistrate's order and what the Magistrate ordered plaintiff to produce or respond to; whether non-compliance has been partial or total; if partial, what compliance plaintiff has made, and [*7] in what particulars her production or responses are deficient; and the prejudice, if any, to defendant caused by plaintiff's noncompliance, partial or total.

Such a motion, if made, must be filed and served within three weeks of the date of this Order. Plaintiff may answer within three weeks of service, and defendant may reply within a week.

I will not entertain a Rule 12(b)(6) motion at this time.

The parties are directed to file a joint pretrial memorandum within sixty (60) days of the date of this Order, if no Rule 37 motion is made within the time provided. If such a motion is made, the time for filing such a memorandum is adjourned pending the Court's further order.

SO ORDERED.

Dated: New York, New York

July 28, 1989

LEXSEE 1993 US DIST LEXIS 7572

**OSCAR DE LA RENTA LIMITED, Plaintiff, v. STRELITZ LIMITED, Defendant.**

**92 Civ. 3907(CES)**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

*1993 U.S. Dist. LEXIS 7572*

**June 7, 1993, Decided**
**June 7, 1993, Filed**

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** In a breach of contract action, defendant's counsel wrote a letter to the court stating that his firm would no longer be defending the action. The court construed the letter as a motion to withdraw pursuant to U.S. Dist. Ct., S.D.N.Y., Gen. R. 3(c). Thereafter, plaintiff filed a notice of motion to strike defendant's answer.

**OVERVIEW:** Defendant's counsel sought to withdraw because defendant was a corporation that had entered into a voluntary liquidation and the liquidator's counsel had instructed defendant's counsel to neither defend plaintiff's claim nor prosecute its counterclaim. Granting the motion to withdraw, the court imposed conditions on defendant's counsel that either defendant was required to obtain new counsel or defendant's counsel was required to file a response to plaintiff's motion to strike the answer. The court found that withdrawal was permissible when a client indicated that they no longer wished to be represented by counsel and that it was presumed that defendant no longer needed the services of its counsel because defendant had indicated that it no longer wished to either defend the action or prosecute its counterclaim.

**OUTCOME:** The court granted the motion to withdraw filed by defendant's counsel on the condition that defendant either obtain new counsel or defendant's counsel file a response to plaintiff's motion to strike.

**LexisNexis(R) Headnotes**

*Civil Procedure > Counsel > General Overview*
[HN1] U.S. Dist. Ct., S.D.N.Y., Gen. R. 3(c) sets forth the requirements before counsel may withdraw in an action. An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar. Counsel may withdraw if his or her client fails to pay legal fees of if the client fails to communicate or cooperate with their attorney. Similarly, withdrawal is also permissible when a client indicates that they no longer wish to be represented by counsel. However, a court may establish conditions before permitting withdrawal.

**JUDGES:** [*1]  Stewart, Jr.

**OPINION BY:** CHARLES E. STEWART, JR.

**OPINION**

**MEMORANDUM DECISION**

STEWART, District Judge:

On May 17, 1993, the Court received a letter from defendant's counsel that stated that his firm would no longer be defending this action. The Court is treating this letter as a motion to withdraw pursuant to Rule 3(c) of the General Rules of the United States District Courts for the Southern and Eastern Districts of New York. For the

Case 1:07-cv-06625-WHP    Document 18    Filed 12/26/2007    Page 23 of 30

Page 2
1993 U.S. Dist. LEXIS 7572, *1

reasons set forth below, counsel's motion is granted conditionally.

## BACKGROUND

This case concerns an alleged breach of a contract for a shipment of fabric. Defendant is a corporation based in Northern Ireland. According to the defendant's counsel, defendant has entered into a creditors voluntary liquidation. The liquidator's counsel -- who apparently can now make the defendant's corporate decisions -- has instructed defendant's counsel to neither defend the plaintiff's claim nor prosecute its counterclaim. Consequently, defendant's counsel wrote to the Court, stating that his firm had been discharged from representing the defendant. Thereafter, plaintiff filed a "Notice of Motion to Strike Defendant's Answer." The return date for this motion is June 18, [*2] 1993.

## DISCUSSION

[HN1] General Rule 3(c) sets forth the requirements before counsel may withdraw in an action.

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

Counsel may withdraw if his or her client fails to pay legal fees of if the client fails to communicate or cooperate with their attorney. *Furlow v. City of New York, 1993 U.S. Dist. Lexis 3510 (S.D.N.Y. 1993)* (citing cases). Similarly, withdrawal is also permissible when a client indicates that they no longer wish to be represented by counsel. *See Fireman's Ins. Co. of Newark v. Alasker, 1992 U.S. Dist. Lexis 7365 (S.D.N.Y. 1992)*. However, a Court may establish conditions before permitting withdrawal. *See Beshansky v. First Nat'l Entertainment Corp., 140 F.R.D. 272, 274 (S.D.N.Y. 1990)*. [*3]

In the instant case, the defendant has indicated that it no longer wishes to either defend this action or prosecute its counterclaim. Given this position, it is presumed that the defendant no longer needs the services of its counsel. However, the Court will permit defendant's counsel's withdrawal only upon the condition that counsel submit responding papers to the plaintiff's motion to strike the answer by the return date.

Alternatively, counsel may withdraw if the defendant obtains new counsel to respond to plaintiff's motion. If defendant retains new counsel before the return date, the Court will consider granting this counsel an extension to submit opposition papers to the plaintiff's motion. This condition prior to withdrawal is warranted since the defendant, as a corporation, cannot appear in this action pro se. *See N.Y. Jud. Law § 495* (McKinneys 1983).

## CONCLUSION

Defendant's motion to withdraw as counsel is granted on the condition that defendant promptly obtain new counsel. If defendant does not obtain new counsel, then the current counsel shall respond to the plaintiff's motion to strike the answer.

SO ORDERED.

Charles E. Stewart, Jr.

UNITED STATES DISTRICT [*4] JUDGE

Dated: New York, New York

June 7, 1993

LEXSEE

**PROMOTICA OF AMERICA, INC., dba International Marketing Group USA, Plaintiffs, -against- JOHNSON GROSSFIELD, INC., Defendant.**

**98 Civ. 7414 (AJP)**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

*2000 U.S. Dist. LEXIS 8594*

**April 18, 2000, Decided**

**DISPOSITION:**    [*1]  Plaintiffs' counsel's withdrawal motion GRANTED.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiffs' counsel filed a motion to withdraw under U.S. Dist. Ct., S.D.N.Y., Civ. R. 1.4, based on his client's failure to cooperate and communicate with him and failure to pay his fees.

**OVERVIEW:** Asserting plaintiffs' failure to cooperate and communicate with him and failure to pay his fees, plaintiffs' counsel filed a motion to withdraw under U.S. Dist. Ct., S.D.N.Y., Civ. R. 1.4, The court found that although only one ground needed to be shown, all three grounds for counsel's withdrawal existed. Plaintiffs had not paid counsel's bills since December, 1999. Plaintiffs had not communicated with counsel nor responded to his communications, although trial was coming up. Moreover, in counsel's view, the relationship had broken down irretrievably. Although plaintiffs were served with a copy of counsel's withdrawal motion, they did not respond. Accordingly, counsel had shown satisfactory reasons for withdrawal as required by Rule 1.4, and the motion was granted. Plaintiffs were ordered to appear by new counsel within a month or the case would be dismissed.

**OUTCOME:** Plaintiffs' counsel's withdrawal motion was granted. Plaintiffs had not paid counsel's bills since December, 1999, and had not communicated with counsel nor responded to his communications. No response had been filed to the motion. Plaintiffs were ordered to appear by new counsel within a month or the

case would be dismissed.

**LexisNexis(R) Headnotes**

*Civil Procedure > Counsel > General Overview*
[HN1] Withdrawal of counsel is governed by U.S. Dist. Ct., S.D.N.Y., Civ. R. 1.4.

*Civil Procedure > Counsel > General Overview*
[HN2] U.S. Dist. Ct., S.D.N.Y., Civ. R. 1.4 provides that an attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court, and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

*Civil Procedure > Counsel > Withdrawals*
[HN3] Non-payment of fees is a valid basis for the court to grant counsel's motion to withdraw, especially when the motion is not opposed.

*Civil Procedure > Counsel > General Overview*
[HN4] Lack of cooperation by a client with its counsel, including lack of communication, is a sufficient reason for allowing withdrawal. Moreover, the existence of an irreconcilable conflict between an attorney and client is a proper basis for the attorney to cease representing his

Case 1:07-cv-06625-WHP    Document 18    Filed 12/26/2007    Page 25 of 30

Page 2
2000 U.S. Dist. LEXIS 8594, *1

client.

*Civil Procedure > Counsel > General Overview*
[HN5] Corporations can only appear in court by counsel.

**COUNSEL:** For PROMOTICA OF AMERICA, INC., INTERNATIONAL MARKETING COMPANY S.P.A., plaintiffs: William J. Apuzzo, New York, NY.

For JOHNSON GROSSFIELD, INC., defendant: Jamie B.W. Stecher, Stecher Jaglom & Prutzman, New York, NY USA.

For JOHNSON GROSSFIELD, INC., counter-claimant: Jamie B.W. Stecher, Stecher Jaglom & Prutzman, New York, NY USA.

**JUDGES:** ANDREW J. PECK, United States Magistrate Judge.

**OPINION BY:** ANDREW J. PECK

**OPINION**

*OPINION AND ORDER*

    **ANDREW J. PECK, United States Magistrate Judge:**

    By motion dated April 5, 2000 (Dkt. No. 36), plaintiffs' counsel seeks to withdraw based on his client's failure to cooperate and communicate with him and failure to pay his fees. For the reasons discussed below, the motion is **GRANTED.**

*FACTS*

    Plaintiffs' present counsel, William Apuzzo, is plaintiffs' second attorney in this matter. (*See* Apuzzo 4/5/00 Aff. P 1.) Prior counsel has an unsatisfied retaining lien on the file, which has hampered present counsel's ability to prepare plaintiffs' case for trial. (*See id.* PP 3, 5.) Mr. Apuzzo has stated that the attorney-client relationship "has broken down irretrievably" and [*2] he is "now at a point where it is impossible for [him] to continue to represent the plaintiffs." (*Id.* P 4.) Counsel elaborated that "plaintiffs' principal, an Italian resident and domiciliary, has only sporadically responded to [counsel's] most recent letters, faxes, and telephone calls," and he has not heard from

plaintiffs since March 3, 2000, despite the fact that discovery is closed and the case is ready for trial (or other disposition), or settlement (and plaintiffs' have not instructed counsel as to a response to defendant's settlement offer). (*Id.* PP 5-6.)

    In addition to plaintiffs' failure to cooperate with and respond to plaintiffs' counsel's communications, plaintiffs have not paid counsel's monthly bills since December 1999. (*See id.* P 8.)

*ANALYSIS*

    [HN1] Withdrawal of counsel is governed by S.D.N.Y. Local Civil Rule 1.4, which provides:

        [HN2] An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. *Such an order may be granted only upon a showing* by affidavit or otherwise *of satisfactory reasons for withdrawal* [*3] or displacement and the posture of the case, including its position, if any, on the calendar.

    As this Court has previously ruled: "'It is well-settled that [HN3] non-payment of fees is a valid basis for the Court to grant counsel's motion to withdraw, especially when the motion is not opposed.'" *Fischer v. Biman Bangladesh Airlines, 1997 U.S. Dist. LEXIS 10405, *2, 96 Civ. 3120, 1997 WL 411446 at *1 (S.D.N.Y. July 18, 1997)* (Peck, M.J.) (quoting *Seisay v. Compagnie Nationale Air France, 1996 U.S. Dist. LEXIS 978, *2-3, 95 Civ. 7660, 1996 WL 38844 at *1 (S.D.N.Y. Feb. 1, 1996)* (Peck, M.J.)), & cases cited therein); *accord, e.g., Hallmark Capital Corp. v. Red Rose Collection, Inc., 1997 U.S. Dist. LEXIS 16328, 96 Civ. 2839, 1997 WL 661146 at *2 (S.D.N.Y. Oct. 21, 1997)* (Peck, M.J.).[1]

        1 *See also, e.g., Cosgrove v. Federal Home Loan Bank, 1995 U.S. Dist. LEXIS 14880, 90 Civ. 6455, 92 Civ. 4225, 1995 WL 600565 at *2 (S.D.N.Y. Oct. 12, 1995)* (Peck, M.J.).

    "'The courts also have ruled that [HN4] lack of cooperation by a client with its counsel, including lack of communication, [*4] is a sufficient reason for allowing

withdrawal.'" *Hallmark Capital Corp. v. Red Rose Collection, Inc., 1997 U.S. Dist. LEXIS 16328, 1997 WL 661146* at *2 (quoting *Fischer v. Biman Bangladesh Airlines, 1997 U.S. Dist. LEXIS 10405, 1997 WL 411446* at *2), & cases cited therein; *see also, e.g., SEC v. Towers Fin. Corp., 1996 U.S. Dist. LEXIS 7450, *8,* 93 Civ. 744, 1996 WL 288176 at *3 (S.D.N.Y. May 31, 1996) (Peck, M.J.). Moreover, "as this Court previously has held, 'it is clear that the existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client.'" *Cosgrove v. Federal Home Loan Bank, 1995 U.S. Dist. LEXIS 14880, 1995 WL 600565* at *2; *accord, e.g., Hallmark Capital Corp. v. Red Rose Collection, Inc., 1997 U.S. Dist. LEXIS 16328, 1997 WL 661146* at *2 (& cases cited therein); *SEC v. Towers, 1996 U.S. Dist. LEXIS 7450, 1996 WL 288176* at *3.

Here, although only one ground need be shown, all three grounds for counsel's withdrawal exist. Plaintiffs have not paid counsel's bills since December 1999. (Apuzzo Aff. P 8.) Plaintiffs have not communicated with counsel nor responded to his communications at this crucial juncture in the case. (*Id.* PP 5-6.) Moreover, in counsel's view, the relationship [*5] has broken down irretrievably. (*Id.* P 4.) Finally, although plaintiffs were served with a copy of counsel's withdrawal motion, they did not respond. Accordingly, counsel has shown "satisfactory reasons for withdrawal" as required by S.D.N.Y. Local Civil Rule 1.4, and the motion is *GRANTED*.

Plaintiffs' counsel is required to serve a copy of this Order on plaintiffs by fax, and to file an affidavit of such service with the Clerk of Court (with a courtesy copy to my chambers) by April 19, 2000.

Plaintiffs are corporations, and [HN5] corporations can only appear by counsel. *See, e.g., Iannacone v. Law, 142 F.3d 553, 558 (2d Cir. 1995); Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997); Sanchez v. Marder, 1995 U.S. Dist. LEXIS 17672, 92* Civ. 6878, 1995 WL 702377 at *1 (S.D.N.Y. Nov. 28, 1995) (citing cases). Plaintiffs are to appear by new counsel by May 17, 2000; if plaintiffs do not do so, the case will be dismissed for failure to prosecute and failure to obey Court orders. *See, e.g., Fischer v. Biman Bangladesh Airlines, 1997 U.S. Dist. LEXIS 10405, 1997 WL 411446* at *2 (& cases cited therein).

### CONCLUSION

For the reasons set forth above, plaintiffs' [*6] counsel's withdrawal motion is *GRANTED*, and plaintiffs are to appear by new counsel by May 17, 2000 or the case will be dismissed.

SO ORDERED.

DATED: New York, New York

April 18, 2000

**Andrew J. Peck**

United States Magistrate Judge

reasons set forth below, counsel's motion is granted conditionally.

## BACKGROUND

This case concerns an alleged breach of a contract for a shipment of fabric. Defendant is a corporation based in Northern Ireland. According to the defendant's counsel, defendant has entered into a creditors voluntary liquidation. The liquidator's counsel -- who apparently can now make the defendant's corporate decisions -- has instructed defendant's counsel to neither defend the plaintiff's claim nor prosecute its counterclaim. Consequently, defendant's counsel wrote to the Court, stating that his firm had been discharged from representing the defendant. Thereafter, plaintiff filed a "Notice of Motion to Strike Defendant's Answer." The return date for this motion is June 18, [*2] 1993.

## DISCUSSION

[HN1] General Rule 3(c) sets forth the requirements before counsel may withdraw in an action.

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

Counsel may withdraw if his or her client fails to pay legal fees of if the client fails to communicate or cooperate with their attorney. *Furlow v. City of New York, 1993 U.S. Dist. Lexis 3510 (S.D.N.Y. 1993)* (citing cases). Similarly, withdrawal is also permissible when a client indicates that they no longer wish to be represented

by counsel. *See Fireman's Ins. Co. of Newark v. Alasker, 1992 U.S. Dist. Lexis 7365 (S.D.N.Y. 1992)*. However, a Court may establish conditions before permitting withdrawal. *See Beshansky v. First Nat'l Entertainment Corp., 140 F.R.D. 272, 274 (S.D.N.Y. 1990)*. [*3]

In the instant case, the defendant has indicated that it no longer wishes to either defend this action or prosecute its counterclaim. Given this position, it is presumed that the defendant no longer needs the services of its counsel. However, the Court will permit defendant's counsel's withdrawal only upon the condition that counsel submit responding papers to the plaintiff's motion to strike the answer by the return date.

Alternatively, counsel may withdraw if the defendant obtains new counsel to respond to plaintiff's motion. If defendant retains new counsel before the return date, the Court will consider granting this counsel an extension to submit opposition papers to the plaintiff's motion. This condition prior to withdrawal is warranted since the defendant, as a corporation, cannot appear in this action pro se. *See N.Y. Jud. Law § 495* (McKinneys 1983).

## CONCLUSION

Defendant's motion to withdraw as counsel is granted on the condition that defendant promptly obtain new counsel. If defendant does not obtain new counsel, then the current counsel shall respond to the plaintiff's motion to strike the answer.

SO ORDERED.

Charles E. Stewart, Jr.

UNITED STATES DISTRICT [*4] JUDGE

Dated: New York, New York

June 7, 1993

LEXSEE 1996 U.S. DIST. LEXIS 978

**TINGA SEISAY, Plaintiff, -against- COMPAGNIE NATIONALE AIR FRANCE DBA AIR FRANCE, Defendant.**

**95 Civ. 7660 (JFK) (AJP)**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

*1996 U.S. Dist. LEXIS 978*

**January 31, 1996, DATED
February 1, 1996, FILED**

## CASE SUMMARY:

**PROCEDURAL POSTURE:** Plaintiff passenger filed suit against defendant airline for breach of contract and false imprisonment. The passenger's counsel filed a motion to be relieved as counsel based on non-payment of its fees.

**OVERVIEW:** The passenger's counsel also sought to stay discovery indefinitely until the passenger had an opportunity to obtain substitute counsel. The airline did not object to the passenger's counsel's withdrawal, but did object to the request for an indefinite stay of discovery. Although the passenger's counsel's motion was served on the passenger by fax, the passenger had not responded. The court noted that the passenger had failed to appear at two discovery conferences. The court granted the passenger's counsel's motion to withdraw from the case, finding that non-payment of fees was a valid basis and that the passenger had not objected. The court rescheduled another discovery conference, requiring the passenger to attend or face dismissal for failure to prosecute.

**OUTCOME:** The court granted the passenger's counsel's motion to withdraw from the case for non-payment of its fees.

**LexisNexis(R) Headnotes**

*Civil Procedure > Counsel > Withdrawals*
[HN1] Non-payment of fees is a valid basis for the court to grant counsel's motion to withdraw, especially when the motion is not opposed.

**COUNSEL:** [*1] For TINGA SEISAY, plaintiff: Jacques Catafago, Law Offices of Jacques Catafago, New York, NY.

For COMPAGNIE NATIONALE AIR FRANCE dba Air France, defendant: John MacCrate, III, Bigham, Englar, Jones & Houston, New York, NY.

**JUDGES:** Andrew J. Peck, United States Magistrate Judge. Judge John F. Keenan

**OPINION BY:** Andrew J. Peck

**OPINION**

*OPINION AND ORDER*

**ANDREW J. PECK, United States Magistrate Judge:**

Q) By motion dated December 26, 1995, plaintiff's counsel moved to be relieved as counsel based on non-payment of its fees. For the reasons set forth below, counsel's motion is granted.

*FACTS*

On or about August 11, 1995, plaintiff brought this action against Air France for breach of contract and false imprisonment. Plaintiff alleges that on or about August 11, 1994, he flew from West Africa to Paris, France, for a

1996 U.S. Dist. LEXIS 978, *1

connecting flight to New York, and that Air France refused to allow him to board the Paris to New York flight or return to West Africa.

By motion dated December 26, 1995, plaintiff's counsel moved to withdraw because of plaintiff's non-payment of any fees to counsel. (Catafago Aff. P 3-4.) The motion also asked the Court to "stay discovery indefinitely until [*2] plaintiff has had an opportunity to obtain substitute counsel." (Catafago Aff. P 5.)

Defendant does not object to counsel's withdrawal, but objected to counsel's request for an indefinite stay of discovery.

Although plaintiff's counsel's motion was served on plaintiff by fax, plaintiff has not responded to the motion.

Finally, the Court notes that by Order dated December 15, 1995, the Court ordered as follows:

> Plaintiff has not complied with defendant's discovery request. A discovery conference will be held on January 30, 1996 at 11:30AM in Courtroom 519 (40 Centre Street). If plaintiff's present counsel has been allowed to withdraw, plaintiff must attend by counsel or in person (or, for purposes of this conference only, by a non-lawyer representative), or request in writing beforehand an extension and detail how plaintiff intends to comply with his discovery obligations; otherwise the complaint likely will be dismissed for failure to prosecute and failure to obey Court orders.

Neither plaintiff nor plaintiff's counsel appeared at the January 30, 1996 conference.

### ANALYSIS

It is well-settled that [HN1] non-payment of fees is a valid basis for the Court to grant [*3] counsel's motion to withdraw, especially when the motion is not opposed. *E.g., Allstate Insurance Co. v. Administratia Asigurarilor de Stat, 86 Civ. 2365, 1993 U.S. Dist. LEXIS 4853, *6, 1993 WL 119708 at *2-3 (S.D.N.Y. April 15, 1993)* (Edelstein, J.) *McGuire v. Wilson, 735 F. Supp. 83, 84-85 (S.D.N.Y. 1990)* (Sweet, J.); *Farr Man Coffee, Inc. v. M/S Bernhard, 87 Civ. 1267, 1989 U.S. Dist. LEXIS 2988, *3,*

*1989 WL 31529 at *1 (S.D.N.Y. March 28, 1989)* (Griesa, J.); *Boyle* v. *Revici,* 83 Civ. 8997, *1987 U.S. Dist. LEXIS 11541, *2, 1987 WL 28707 at *1 (S.D.N.Y. Dec. 16, 1987)* (Lowe, J.).

Moreover, although given the opportunity to respond to his counsel's withdrawal motion, plaintiff has not objected.

Accordingly, plaintiff's counsel's motion to withdraw is granted. The only condition to that withdrawal is that counsel immediately serve a copy of this Opinion and Order on Mr. Seisay, file an affidavit of such service, and provide defendant's counsel and the Court with an address and telephone number for plaintiff.

The Court recognizes that, because the Court did not rule on the motion to withdraw before the January 30, 1996 conference, there was some ambiguity in the Court's December 15, 1995 Order. Accordingly, in fairness to plaintiff, he will be [*4] given another chance to appear. A discovery conference will be held before the undersigned on February 29, 1996 at 10:00AM in Courtroom 20D (500 Pearl Street). Plaintiff must attend by counsel or in person (or, for purposes of this conference only, by a non-lawyer representative, provided said representative is given written power of attorney to act for plaintiff and a copy of that document is provided to the Court at the conference). If plaintiff does not attend, I will recommend to Judge Keenan that the complaint be dismissed for failure to obey Court orders and for failure to prosecute.

### CONCLUSION

For the reasons set forth above, plaintiff's counsel's motion to withdraw is granted. Plaintiff must appear at the February 29, 1996 discovery conference or face dismissal of his action.

This Opinion and Order is being faxed to plaintiff c/o Robert Carmain, at (011) 46 810 4859, the fax number previously provided by plaintiff's counsel. Plaintiff's counsel is also to serve a copy of this Order on plaintiff as directed above.

SO ORDERED.

DATED: New York, New York

January 31, 1996

1996 U.S. Dist. LEXIS 978, *4


Andrew J. Peck                                United States Magistrate Judge