# EXHIBIT A

## Certification of Ghillaine A. Reid, Esq.

## December 26, 2007

Case 1:07-cv-06625-WHP    Document 19    Filed 12/26/2007    Page 1 of 6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>-against-<br><br>SHANE SUMAN AND MONIE RAHMAN,<br><br>                    Defendants. | DOCUMENT ELECTRONICALLY FILED<br><br>Civil Action No.: 07 Civ. 6625 (WHP)<br><br>**CERTIFICATION OF**<br>**GHILLAINE A. REID, ESQ.** |

I, Ghillaine A. Reid, of full age, do hereby certify as follows:

1. I am an attorney at law of the State of New York and a Director with the law firm of Gibbons P.C. ("Gibbons"), attorneys for Defendants Shane Suman and Monie Rahman, husband and wife, (collectively "Defendants"), in the above-captioned matter. In this capacity, I am chiefly responsible for representing Defendants in this action and, thereby, am familiar with the facts set forth herein. I make this Certification in support of Gibbons' motion to withdraw as counsel for Defendants.

2. On July 24, 2007, the United States Securities and Exchange Commission ("SEC") commenced an action against Defendants alleging violations of Section 10(b) and 14(e) of the Securities Exchange Act, and Rules 10b-5 and 14e-3 thereunder.

3. Also on July 24, 2007, the Ontario Securities Commission ("OSC") commenced proceedings against Defendants based on the exact same facts and claims alleged in the SEC Complaint.

4.      Shortly after the OSC instituted its proceeding, Defendants retained Canadian counsel to represent them in that matter.  On or about November 1, 2007, Defendants retained Gibbons to represent them in this action.

5.      The SEC and OSC both allege that Defendants traded in the securities of Molecular Devices Corp. ("Molecular"), based on material and non-public information, in a brokerage account that they maintain with E-Trade Canada Securities Corp. ("E-Trade").  In connection with their respective proceedings, the SEC and OSC each obtained an asset freeze on Defendants' E-Trade account and, as a result, Defendants are unable to use the assets in that account to pay counsel fees.

6.      Defendants are a family of limited means.  As a result of severe health problems, Ms. Rahman has been unable to work for several years.  Mr. Suman recently has been modestly employed at a job in Canada.  At the time that Defendants retained Gibbons, their financial wherewithal was further strained by their payment obligations to Canadian counsel defending against the OSC proceeding. As the only breadwinner for Defendants, Mr. Suman was responsible for paying counsel fees for both the OSC and SEC proceedings and planned to pay such fees with funds from his employment.

7.      Because Defendants both reside a great distance from Gibbons' offices, the undersigned counsel was unable to meet with Defendants in person before Gibbons was retained. Gibbons, nonetheless, undertook to represent Defendants.  On November 9, 2007, Gibbons participated in a Federal Rule 16 scheduling conference with the Court and SEC counsel and, at that time, advised of Defendants' intention to move to dismiss the claims in this action. Immediately following the conference, the Court issued a Scheduling Order which set forth a

2

briefing schedule for the motion to dismiss. Pursuant to the Scheduling Order, Defendants' motion to dismiss was due on December 7, 2007.

8. In an effort to discuss the motion to dismiss, as well as the defense of this case, Mr. Suman scheduled an in-person meeting with the undersigned counsel for November 16, 2007 at Gibbons' New York offices. Mr. Suman did not appear for the November 16, 2007 meeting and his whereabouts remained unknown to counsel and his wife, Ms Rahman, until November 19, 2007.

9. As set forth in Defendants' request of November 30, 2007 for a temporary stay of this action, Mr. Suman was detained by the United States Bureau of Immigration and Customs Enforcement ("ICE") on November 15, 2007 while driving *en route* to New York to meet with counsel, and accused of attempting to enter the United States illegally. Mr. Suman's belongings were confiscated and his car was impounded, and he is only permitted to make telephone calls at the discretion of the ICE authorities.

10. The undersigned counsel has attempted to secure immigration counsel to represent Mr. Suman in connection with his detention. Mr. Suman, however, advised the undersigned counsel that cannot afford to retain counsel to represent him in that matter. To date, Mr. Suman remains in custody at a detention center in Buffalo, New York, and does not know when he will be released.

11. Mr. Suman inquired with ICE authorities regarding when he may appear before an Immigration Judge, and was advised that the next available court date would be in late January or early February 2008.

12. Defendants are in arrears on Gibbons' outstanding invoices for legal fees and disbursements in connection with services provided since the Firm was retained. In addition, the

defense of this litigation (including the preparation of a motion to dismiss, discovery and a potential trial) will be costly. The undersigned counsel last spoke to Mr. Suman on November 28, 2007, at which time Mr. Suman informed counsel that his continued detention would cause him to lose his job and render him unable to pay counsel fees. Ms. Rahman, with whom the undersigned counsel last spoke on or about November 29, 2007, similarly informed counsel that Defendants have no funds to pay counsel fees. Accordingly, Defendants are unable to pay outstanding legal fees, as well as fees to further defend against this litigation. Since November 28, 2007, the undersigned counsel has left several messages for Mr. Suman at the detention center, but to date has received no response from him.

13. By Order dated December 4, 2007, this Court granted Defendants' request to stay the briefing schedule in this action, but declined to temporarily stay this action and ordered that discovery proceed as scheduled.

14. As a result of his detention, Mr. Suman is unable to participate in or otherwise assist with his defense of this action. Mr. Suman cannot travel to meet with counsel because he is in custody and his ability to speak with counsel by telephone is limited. He similarly cannot afford to pay for counsel to travel to Buffalo, New York to meet with him. Accordingly, counsel is effectively unable to communicate with Mr. Suman regarding his defense of this action. Although Ms. Rahman is available by telephone, she is unable to travel to meet with counsel due to her ill health. Ms. Rahman, in any event cannot afford to pay counsel fees, travel costs or any related expenses.

15. Contact with Mr. Suman is essential to the effective representation of both Defendants. The SEC alleges that Defendants traded based on material and non-public information which Mr. Suman obtained from and in breach of his duty to MDS, Inc. ("MDS"),

his former employer.  The SEC further alleges that Ms. Rahman traded after receiving the information from Mr. Suman.  Thus, Mr. Suman's version of events is central to the defense of this action.  Accordingly, Gibbons' inability to communicate with Mr. Suman severely compromises the firm's ability to represent Defendants effectively.

16. On December 7, 2007, the undersigned counsel sent a letter to Defendants advising them that the Firm has no choice but to move to withdraw as counsel due to Mr. Suman's unavailability and Defendants' inability to pay counsel fees.  This letter was sent to Mr. Suman by mail at the detention center in Buffalo, New York and to his home in Toronto, Ontario, Canada, as well as by electronic mail.  The letter also was sent to Ms. Rahman at her home in Logan, Utah, as well as by electronic mail.  To date, neither of the Defendants have responded to this letter.

17. Accordingly, Gibbons' respectfully requests that the Court enter an Order permitting the Firm to withdraw as Defendants' counsel of record.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: December 26, 2007
New York, New York

                                            s/ Ghillaine A. Reid
                                              Ghillaine A. Reid

                                            One Pennsylvania Plaza
                                            New York, New York 10119
                                            (212) 613-2000

                                            *Counsel for Defendants*
                                            *Shane Suman and Monie Rahman*