UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

        Plaintiff,

        v.                           Civil Action No. 07-cv-6625 (WHP)

SHANE BASHIR SUMAN and

MONIE RAHMAN,

        Defendants.

---

### PLAINTIFF'S OPPOSITION TO MOTION OF GIBBONS P.C.
### TO WITHDRAW AS DEFENDANTS' COUNSEL

Plaintiff Securities and Exchange Commission ("SEC") does not oppose Gibbons P.C.'s Motion to Withdraw as Defendants' Counsel ("Withdrawal Motion") provided that the firm first satisfies certain conditions prior to being permitted to withdraw.

### STATEMENT OF FACTS

As an initial matter, the SEC wishes to clarify several factual inaccuracies that exist in the Withdrawal Motion. First, Ghillaine A. Reid's assertion that "no discovery has been exchanged" is simply wrong. See Mem. of Law in Support of Motion at 8. On December 6, 2007, the SEC served its First Set of Interrogatories and Document Requests Addressed to Defendants ("Discovery") via e-mail and First Class U.S. Mail. See Exhibit A. To date, the SEC has not received a response to its Discovery from either Shane B. Suman, a/k/a Abul Bashar Mustafa, or Monie Rahman ("Defendants").[1]

---

[1] On December 6, 2006, Ms. Reid sent an e-mail to undersigned counsel, which "suggest[ed] that [he] endeavor to communicate with Mr. Suman directly regarding [the SEC's] discovery request."

Second, on November 26, 2007, the SEC provided its Fed. R. Civ. P. 26(a) Initial Disclosures to Defendants. The SEC, however, did not receive in return any Initial Disclosures from Defendants. As such, on December 5, 2007, the SEC wrote to Ms. Reid asking that she provide it with Defendants' overdue Initial Disclosures. See Letter dated December 5, 2007 to Ghillaine A. Reid from Dean M. Conway attached as Exhibit B. In response, Ms. Reid argued that Defendants' Initial Disclosures were not due because "the parties have not held a Rule 26 conference. . . ." See Letter dated December 6, 2007 to Dean M. Conway from Ghillaine A. Reid attached as Exhibit C. To date, despite fairly extensive e-mail discussions between counsel regarding whether Defendants are required to produce their Initial Disclosures, the SEC still has not received such disclosures from Defendants.

Finally, Ms. Reid states that the SEC "obtained an asset freeze on Defendants' brokerage account at E-Trade Canada Securities. . . ." See Mem. of Law in Support of Motion at 2. This assertion is also incorrect in that the SEC has not frozen any assets controlled by Defendants. Although the Ontario Securities Commission ("OSC") did obtain, on February 1, 2007, a freeze of the brokerage account at issue from the Ontario Superior Court of Justice, the SEC was not involved in that separate-foreign action.[2]

---

[2] On a related point, although the SEC and the OSC both filed enforcement actions against Defendants based on a similar set of facts, Ms. Reid's assertion that the OSC's suit is "based upon the exact same claims as are alleged in the SEC's Complaint" is wrong. See Mem. of Law in Support of Motion at 2; Reid Cert. at ¶ 3. First, the OSC's claims are based on Canadian law and its action was filed in Ontario, Canada. Second, under Canadian law, the OSC is precluded from bringing a direct "insider trading" case against Defendants. Instead, the OSC has brought suit against Suman for "tipping" under § 76 of the Ontario Securities Act and against both Suman and Rahman for engaging in trades that are contrary to the public interest in violation of § 127 of that Act. Third, the OSC does not have authority to seek penalties from Defendants related to their insider trading. By contrast, the SEC has broader authority to seek redress, including penalties and prospective injunctions, against both Suman and Rahman under §§ 10(b) and 14(e) of the Securities Exchange Act of 1934. Finally, as an overarching matter, the United States and Canada each have a legitimate interest in pursuing independent actions based on violations of different securities laws, even when rooted in a similar set of facts.

## **ARGUMENT**

The SEC respectfully asks that that the Court permit counsel for Defendants to withdraw from this case only if certain conditions are first satisfied. It is entirely appropriate, moreover, for the Court to impose such conditions on a firm prior to it being permitted to withdraw from a case. See, e.g., Beshansky v. First Nat'l Entm't Corp., 140 F.R.D. 272, 274 (S.D.N.Y. 1990) (issuing order granting withdrawal on the conditions that (1) counsel provide a copy of the order to all defendants and explain its requirements and significance to them, and (2) defendants themselves find substitute counsel within 30 days and complete all discovery within 60 days of substituting counsel); Commercial Agropequaria Menichetti Fuente S.A.C.I. v. Heather Trading Corp., 1986 WL 10715 at *1 (S.D.N.Y. 1986) (withdrawal granted on condition that pretrial discovery be completed within 80 days, including production of documents and a particular deposition).

Here, the SEC requests that the Court impose several reasonable conditions relating to discovery and pleading matters. Specifically, the SEC requests that: (1) reliable contact information for both Defendants be provided; (2) Defendants immediately supply the SEC with their Initial Disclosures under Fed. R. Civ. P. 26(a); (3) Defendants respond to the SEC's outstanding Discovery within the time periods set forth in Fed. R. Civ. P. 33 & Fed. R. Civ. P. 34; (4) the time, date and location for the depositions (the SEC is willing to travel to any location within either the United States or Canada to take such depositions) of both Defendants be agreed upon prior to counsel for Defendants being permitted to withdraw from this case; and (5) the Court reset the due date for Defendants' Answer or other responsive pleading.

## CONCLUSION

For the foregoing reasons, the SEC respectfully requests that Gibbons' Withdrawal Motion be granted only if subject to the five conditions listed above.

Dated: Washington, D.C.
      January 8, 2008

                                      Respectfully submitted,

                                      */s/ Dean M. Conway*

                                      Dean M. Conway
                                      Assistant Chief Litigation Counsel
                                      Securities and Exchange Commission
                                      Division of Enforcement
                                      100 F Street, N.E.
                                      Washington, D.C. 20549-4010
                                      Telephone: (202) 551-4412
                                      Facsimile:  (202) 772-9246
                                      conwayd@sec.gov

                                      Attorney for Plaintiff
                                      Securities and Exchange Commission

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of January 2008, a copy of the foregoing Plaintiff's Opposition to Motion of Gibbons P.C. to Withdraw as Defendants' Counsel was served by First Class U.S. Mail on Ghillaine A. Reid, Gibbons, PC, One Pennsylvania Plaza, 37th Floor, New York, New York 10119 and also by the Court's ECF system.

_____
Dean M. Conway