# EXHIBIT A

## Conway, Dean

| | |
|---|---|
| **From:** | Conway, Dean |
| **Sent:** | Thursday, December 06, 2007 10:44 AM |
| **To:** | greid@gibbonslaw.com |
| **Cc:** | Smyth, David |
| **Subject:** | SEC v. Suman |
| **Attachments:** | SUMAN 1st Set of Rogs and 1st RFP.pdf |

Ghillaine -- Please find attached our written discovery requests. Thanks

Dean M. Conway
Assistant Chief Litigation Counsel
Division of Enforcement
U.S. Securities and Exchange Commission
100 F Street, N.E.
Washington, DC 20549-4010
202.551.4412 (direct)
202.772.9246 (fax)
conwayd@sec.gov

PRIVILEGED AND CONFIDENTIAL: This email message (including any attachments) from the United States Securities and Exchange Commission is for the exclusive use of the intended recipient(s) and may contain confidential, non-public, and privileged information. If you are not the intended recipient, please do not read, distribute, or take action in reliance upon this message. If you have received this email in error, please notify the sender immediately by return email and promptly delete this message and its attachments from your computer system. The sender of this email does not intend to waive any privileges that may apply to the contents of this email or any attachments to it.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGECOMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SHANE BASHIR SUMAN and MONIE RAHMAN,<br><br>Defendants. | Case No. 07-cv-6625 (WHP) |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES AND DOCUMENT REQUESTS ADDRESSED TO DEFENDANTS

Plaintiff, Securities and Exchange Commission (the "SEC"), requests that each defendant ("you" or "your") answer the following interrogatories, separately and under oath, pursuant to Rule 33 of the Federal Rules of Civil Procedure, within thirty (30) days of service. The SEC also requests that within 30 days, each defendant produce all documents reasonably responsive to the following document requests to the SEC's counsel, at the undersigned address, pursuant to Rule 34.

### INSTRUCTIONS AND DEFINITIONS

1. Plaintiff adopts and incorporates by reference the instructions and standard definitions set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court.

2. Please supply all information responsive to the following requests, whether such information is in your direct or indirect possession, custody, or control. If you cannot fully respond to any request after exercising due diligence to secure the information, respond by providing whatever information is within your knowledge, possession, custody, or control and state the reasons for your inability to answer the

remainder of the request.

3. Where you raise an objection to a request, specify all bases and grounds for the objection. Objecting to a portion of a request does not relieve you of the duty to respond to those parts of the requests to which you do not object.

4. If you withhold any information which is otherwise responsive to a request because you claim that the information is privileged or protected from discovery, provide all facts upon which the claim of privilege or protection is based.

5. If you are claiming a privilege based on a joint defense agreement, indicate the date the joint defense agreement was executed, the scope of the agreement, the parties, thereto, and provide a copy of the executed agreement.

6. If you are unable to respond fully to a request, respond to the extent possible, and provide a detailed explanation as to why full compliance is not possible.

## INTERROGATORIES

1. Identify all witnesses with knowledge of information relevant to the subject matter of the action.

2. Identify the existence, custodian, location and general description of relevant documents and other physical evidence, relating to this litigation.

## DOCUMENT REQUESTS

1. All documents concerning the SEC's claims against you or that you may use to support your defenses, unless solely for impeachment.

2. All documents concerning E*Trade Account No. 9KUHMKE/F including, but not limited to, all monthly or periodic statements for this account.

2

3. All documents concerning any communication with any person concerning Molecular Devices Corporation ("Molecular") including, but not limited to, communications between defendants.

4. All documents concerning Molecular and MDS, Inc.

5. All documents concerning any transaction by you in the securities and/or options of Molecular.

6. All documents concerning any communication with any person concerning Molecular and/or MDS, Inc.

7. Documents sufficient to identify all securities brokerage accounts in your name and/or alias (jointly or otherwise), or in which you have or had a direct or indirect beneficial interest or over which you exercise or exercised control, in addition to the account identified in Item # 2.

8. All documents concerning the accounts identified pursuant to Item # 7.

9. All documents that you reviewed or relied upon in making the decision to buy or sell Molecular securities and/or options, and all research documents concerning Molecular and/or MDS, Inc.

10. Documents sufficient to identify all personal or business telephones that you are or were authorized to use during the period January 1, 2004, to the present, including mobile or cellular telephones. The documents should be sufficient to identify all mobile or cellular telephone service providers and long distance service providers serving these telephones throughout this period.

11. All documents concerning telephone calls made or received by you from January 1, 2004, to the present, including all telephone billing records for the telephones

identified in Item # 10 above, telephone logs, telephone message slips, telephone answering tapes, calling card bills and any credit card bills reflecting a charge for a telephone call.

13. All documents concerning communications between you and any person (other than your attorneys) that relates in any way to this lawsuit.

14. To defendant Suman, all documents concerning your resignation or termination from MDS, Inc.

15. All sworn statements and all documents concerning sworn statements made by you that relate in any way to the Molecular, MDS, Inc. and/or this lawsuit.

16. Produce all documents that relate to your (which includes, each defendant, and all employees, agents, and representatives of defendants) due diligence, research, investigation, and analysis into Molecular, including all subsidiaries and affiliated companies, and management.

17. Produce all documents that relate to your purchase(s) and purchasing history of Molecular stock and/or options, at any and all times, including any recommendations, analyses, reports, and discussions, from any source, regarding why or why not purchasing, holding, or selling Molecular stock, was or was not recommended, appropriate, or advisable, at any time, and for any reason.

18. Produce all documents that you reviewed or relied upon when deciding to purchase, sell, hold, or refrain from purchasing, holding, or selling Molecular stock or options, at any time.

19. Produce all documents supporting your knowledge, belief, contention, or understanding that MDS, Inc.'s decision to acquire Molecular was not non-public information, and was not material information on or before January 29, 2007.

20. To defendant Suman, documents sufficient to identify any name(s) and/or alias(es), other than Shane Bashir Suman, that you have been known by since birth.

21. To defendant Suman, documents sufficient to identify any state or federal conviction(s) you have related to mail fraud, forgery, theft and/or any other act of dishonesty, including documents sufficient to identify the case name, jurisdiction and date of each conviction.

Dated: December 6, 2007                    Sincerely,

                                           /s/ Dean M. Conway
                                           _____
                                           Dean M. Conway
                                           Securities and Exchange Commission
                                           100 F Street, N.E.
                                           Washington, D.C. 20549-4010
                                           Phone: (202) 551-4412
                                           Fax: (202) 772-9246

## CERTIFICATE OF SERVICE

I hereby certify that, on this 6th day of December 2007, a copy of Plaintiff's First Set of Interrogatories and Document Requests Addressed to Defendants was served on counsel for defendants, Ghillaine A. Reid, Gibbons, PC, One Pennsylvania Plaza, 37th Floor, New York, New York 10119-3701, by First-Class U.S. Mail and electronic mail at greid@gibbonslaw.com.

/s/ M. S.
Dean M. Conway