

GHILLAINE A. REID
Director

Gibbons P.C.
One Pennsylvania Plaza, 37th Floor
New York, New York 10119-3701
Direct: (212) 613-2019 Fax: (212) 554-9645
GReid@gibbonslaw.com

January 10, 2008

**VIA ELECTRONIC FILING**

The Honorable William H. Pauley, III
Daniel J. Patrick Moynihan United States Courthouse
500 Pearl Street
Room 2210
Courtroom 11D
New York, New York 10007

      Re:   **U.S. Securities and Exchange Commission v. Shane Suman and Monie Rahman
Case No.: 07 Civ. 6625 (WHP)**

Dear Judge Pauley:

As Your Honor is aware, this Firm represents defendants Shane Suman and Monie Rahman (collectively, "Defendants") in the above-referenced action. Please accept this letter brief in lieu of a more formal reply brief in response to Plaintiff's Opposition to Gibbons P.C.'s ("Gibbons") Motion to Withdraw as Defendants' Counsel ("Opposition").

In its Opposition, Plaintiff requests that Gibbons' withdrawal as Defendants' counsel be predicated upon the performance of the following conditions: (i) the provision of contact information for Defendants; (ii) Defendants' submission of initial disclosures pursuant to Fed. R. Civ. P. 26(a); (iii) Defendants' submission of responses to Plaintiff's discovery requests; (iv) the scheduling of a time, date and location for the deposition of each of the Defendants; and (v) the rescheduling by the Court of a due date for Defendants' responsive pleading. With the sole exceptions of items (i) and (v) above, and contrary to Plaintiff's assertion, these conditions are not reasonable and under the current circumstances, cannot be satisfied by Gibbons.

With respect to item (i) above, we have annexed to this reply brief as Exhibit A the contact information that we have for both Defendants. This information includes Mr. Suman's home address in Toronto, Ontario, Canada, Ms. Rahman's home address in Logan, Utah and the address of the Buffalo Federal Detention Facility in Batavia, New York, where Mr. Suman was detained on or about November 16, 2007, as well as telephone numbers and electronic mail addresses for both Defendants. Before this firm was retained to represent Defendants, Plaintiff communicated directly with Defendants by telephone and through written correspondence. As far as we are aware, the home addresses and telephone numbers for Defendants have not changed since that time. We, nonetheless, provide in Exhibit A the current contact information for both Defendants that we possess.

The conditions in items (ii), (iii) and (iv) above are entirely unreasonable under the circumstances. As set forth in our letter to the Court of January 4, 2008 (a copy of which is annexed hereto as Exhibit B), and as explained during the premotion conference on December

GIBBONS P.C.

Honorable William H. Pauley, III
January 10, 2008
Page 2

21, 2007, we have been unable to communicate with Mr. Suman since November 28, 2007, despite repeated efforts to reach him. Specifically, we have been unable to reach him on his home telephone and his cellular telephone, and the multiple messages that we have left for him at the detention center in Buffalo, New York have not been returned. As far as we are aware, Mr. Suman is still in the custody Immigration and Customs Enforcement authorities, and we do not know when he will be released. Put simply, Gibbons cannot provide discovery on behalf of a client with whom the firm is unable to communicate. In addition, and as noted in our January 4th letter, Ms. Rahman has refused to discuss discovery matters and advised that she does not authorize Gibbons to provide any discovery on her behalf.

The case law that Plaintiff cites in its Opposition to support the assertion that courts may impose conditions precedent to granting a motion to withdraw as counsel are inapposite. Specifically, the facts in those cases are dissimilar from those present here. Plaintiffs cite Beshansky v. First Nat'l Entm't Corp., 140 F.R.D. 272, 274 (S.D.N.Y 1990) (Leisure, J.) to note that the Court in that case required counsel, among other things, to provide to all defendants a copy of a court order and "explain its requirements and significance to them." This requirement, however, seems logically to indicate that counsel in Beshansky was able to communicate with their clients - which is not the case in this instance. Similarly, the requirement that defense counsel complete pretrial discovery, including depositions, in Commercial Agropequaria Menichetti Fuente S.A.C.I., v. Heather Trading Corp., 1986 WL 10715 (S.D.N.Y. 1986), likewise indicates that counsel was able to discuss discovery matters with their clients. Unlike these two cases, Gibbons is unable to discuss discovery matters with Defendants and, therefore, these cases do not serve as applicable guidance on the issue of whether Plaintiff's proposed conditions are reasonable or appropriate.

Plaintiff's request that Gibbons' withdrawal be conditioned upon the provision of discovery and deposition dates is unreasonable given that Gibbons has been unable for some time to communicate with Mr. Suman and Ms. Rahman refuses to discuss these matters. Contrary to Plaintiff's Opposition, it is, in fact, the case that no discovery has been exchanged between the parties. Plaintiff provided Rule 26 disclosures, but Gibbons has provided no discovery on behalf of Defendants because it is, and has been, unable to do so. Significantly, Gibbons does not possess the overwhelming majority of documents and information responsive to Plaintiff's discovery requests and cannot obtain them because, as noted above, we have been unable to discuss the discovery with Defendants. The only documents that we possess regarding this action are Defendants' trading records, which Plaintiff likely already has. If the Court orders us to provide those trading records, we gladly will do so.

Under these circumstances, three of the conditions proposed by Plaintiff (that Gibbons provide Rule 26 disclosures, discovery responses and arrange for depositions) are unreasonable. In short, Gibbons cannot provide the discovery at issue without communicating with Defendants, which the firm cannot do. Moreover, many instances where courts impose conditions on the

GIBBONS P.C.

Honorable William H. Pauley, III
January 10, 2008
Page 3

withdrawal of counsel involve circumstances where a party will be prejudiced by the delay associated with a substitution of counsel or the case is significantly advanced and has progressed, for example, to trial.  See, e.g., Goldsmith v. Pyramid Communications, Inc., 362 F. Supp. 694, 696 (S.D.N.Y. 1973) (stating that specific performance by an attorney generally occurs where "the client's rights will be prejudiced by the delay consequent on replacing counsel and cases where the trial calendar of the Court will be dislocated, so as to impede the interests of justice").  As discussed in Gibbons' moving papers, this case in still in the early stages and no parties would be prejudiced by Gibbons withdrawal.

Finally, Gibbons takes no position with respect to the last condition requested by Plaintiff - that is, that the Court reset the date for Defendants to submit their responsive pleading.

For the foregoing reasons, Gibbons respectfully requests that this Court grant its Motion to Withdraw as Defendants' counsel.  We are available at the Court's convenience to discuss any aspect of this matter.

Thank you for your consideration.

Respectfully submitted,

  s/ Ghillaine A. Reid
Ghillaine A. Reid
Director

GAR/fm

cc:   Honorable William H. Pauley (courtesy copy by overnight mail)
      Dean Conway, Esq. (by overnight mail)

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>-against-<br><br>SHANE SUMAN AND MONIE RAHMAN,<br><br>Defendants. | **DOCUMENT ELECTRONICALLY FILED**<br><br>Civil Action No.: 07 Civ. 6625 (WHP)<br><br>**CONTACT INFORMATION FOR DEFENDANTS** |

| Shane B. Suman<br>Defendant | |
|---|---|
| 93 William Honey Cresent<br>Markham, Ontario  L3S2M2<br><br>c/o Buffalo Federal Detention Facility<br>4250 Federal Drive<br>Batavia, New York 14020 | (416) 841-4098 (Home)<br>(416) 628-1466 (Cell)<br><br>shane_suman@yahoo.com<br>shane.suman@rogers.com |

| Monie Rahman<br>Defendant | |
|---|---|
| 1585 N 400 E<br>Apt. #336<br>North Logan, Utah  84341<br><br>93 William Honey Cresent<br>Markham, Ontario  L3S2M2 | (435) 753-7948 (Home)<br><br><br>monie1510@yahoo.com |

# EXHIBIT B

Case 1:07-cv-06625-WHP     Document 22     Filed 01/10/2008     Page 6 of 8



GHILLAINE A. REID
Director

Gibbons P.C.
One Pennsylvania Plaza, 37th Floor
New York, New York 10119-3701
Direct: (212) 613-2019 Fax: (212) 554-9645
GReid@gibbonslaw.com

January 4, 2008

**BY FACSIMILE (212-805-6390) AND REGULAR MAIL**

The Honorable William H. Pauley, III
Daniel J. Patrick Moynihan United States Courthouse
500 Pearl Street
Room 2210
Courtroom 11D
New York, New York 10007

   Re: U.S. Securities and Exchange Commission v. Shane Suman and Monie Rahman
      Case No.: 07 Civ. 6625 (WHP)

Dear Judge Pauley:

As Your Honor is aware, this Firm represents defendants Shane Suman and Monie Rahman (collectively, "Defendants") in the above-referenced action. We received the permission and consent of Your Honor's clerk to send this letter to you by facsimile.

During the premotion conference held by telephone with Your Honor on December 21, 2007, Your Honor instructed the undersigned counsel to: (i) to communicate with Defendants regarding Rule 26 disclosures and Plaintiff's requests for discovery; and (ii) direct Ms. Rahman not to submit letters to the Court. As promised, we have continued to try to reach Mr. Suman by telephone, to no avail. Specifically, and as noted in Gibbons P.C.'s ("Gibbons") Motion to Withdraw as Defendants' Counsel ("Withdrawal Motion"), we have left several messages for Mr. Suman at the detention center in Buffalo, New York both before and since the premotion conference. To date, we have received no response to any of those messages. In the same vein, we have attempted to reach Mr. Suman on his cellular telephone and on his home telephone (in light of Plaintiff's representation that Mr. Suman would be released in or about late December 2007). In each instance, a voice recording advised that Mr. Suman's voice mail box was full and could not accept messages. In addition, correspondence and other papers that we have sent to Mr. Suman at the Buffalo detention center (including Gibbons' Withdrawal Motion papers), have been returned to the firm.

We understand from Mr. Suman's Canadian counsel in connection with his defense of the Ontario Securities Commission proceeding that Mr. Suman is still in the custody of Immigration and Customs Enforcement authorities (although we do not know where), but has been cleared for deportation and should be released in the near term (although we do not know when).

Although our efforts to reach Mr. Suman to date have been unsuccessful, we were able to reach Ms. Rahman by telephone on January 2, 2008, at which time she advised that Mr. Suman is still in custody. During this discussion, we advised Ms. Rahman of the Court's admonition that she refrain from submitting any further letters to the Court. We then attempted to discuss with Ms.

GIBBONS P.C.

Honorable William H. Pauley, III
January 4, 2008
Page 2

Rahman the Rule 26 disclosures and Plaintiff's discovery requests. Ms. Rahman refused to discuss any discovery matters and advised that she does not authorize Gibbons to provide any discovery on her behalf in this litigation. Ms. Rahman further directed us not to send her any letters or other correspondence regarding this case. As a result, we are not in a position to provide any discovery on behalf of Ms. Rahman, but will continue our efforts to reach Mr. Suman in order to discuss the Rule 26 disclosures and Plaintiff's discovery requests with him.

We are available at the Court's convenience to discuss any aspect of the foregoing facts and circumstances.

Respectfully submitted,

Guillaume A. Reid
Director

GAR/fm

cc:   Dean Conway, Esq. (by facsimile and regular mail)